No. 10,809.

COCHRAN *v.* MASSACHUSETTS BONDING AND INSURANCE CO.

Decided November 10, 1924.

Action on accident insurance policy.     Judgment of nonsuit.

*Affirmed.*

1.   INSURANCE—*Accident*—*Notice.*   Negligence or mistake of the assured, under an accident policy, will not excuse delay in giving notice of the accident to the insurer as required by the terms of the contract.

*Error to the District Court of Phillips County, Hon. H. E. Munson, Judge.*

Messrs. ALLEN, WEBSTER & DRATH, Mr. IVOR O. WINGREN, for plaintiff in error.

Messrs. LEE, LOUGHRIDGE & HEALY, for defendant in error.

*Department Three.*

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, delivered the opinion of the court.

THIS is an action upon a policy of accident insurance. To review a judgment of nonsuit, the plaintiff below has brought the cause here for review.

The policy contained the following clauses: "4.   Written notice of injury  *  *  *  on which claim may be based

must be given to the company within twenty days after the date of the accident causing such injury. * * *. "5. * * * Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give the notice, and that notice was given as soon as reasonably possible."

The plaintiff was injured on March 1, 1921. It was not until March 28, 1921, that a written notice of the injury was received by the company or its general agent. This was more than twenty days after the accident.

At the close of plaintiff's evidence the defendant company moved for a nonsuit with prejudice on the ground that the provisions of the policy with reference to notice of injury had not been complied with by plaintiff. The motion was sustained. This ruling is assigned as error.

The written notice not having been given within twenty days after the date of the accident, the question presented by the record is whether, as a matter of law, there is sufficient evidence that it was not reasonably possible to give the notice within that time and that it was given as soon as reasonably possible, to have the question submitted to the jury.

The policy requires that the notice contain "particulars sufficient to identify the insured." This does not necessitate the use of any blanks. The plaintiff was physically and mentally able to send such a written notice promptly. He chose, however, to send for blanks, corresponding, not with the general agent of the defendant company, but with the agent employing the local soliciting agent. He failed to receive the blanks promptly because in his first letter he did not specifically name the defendant company as the one whose blanks were desired, and the answer to his second letter was not promptly received by him because he left Colorado for a trip to California immediately after writing the second letter and for some reason his mail did not promptly follow him. The delay was not caused by any act of the company. Negligence or mistake of the insured

would not excuse the delay. There was no error on the part of the court in taking the question of time of notice from the jury, and in rendering the judgment of nonsuit.
The judgment is affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.