[No. 3974.]

McKnight et al. v. Whipple, Secretary of State.

1. Elections—Petitions for Review—Laches.

Where protests to certificates of nominations were ruled on by the secretary of state, one of September 15, and the other of September 21, and on October 17 a petition was filed in the district court to review the rulings of the secretary of state, the petition was not filed with the promptness required by the statute, and a motion to dismiss the proceeding on the ground of the laches of the petitioner should have been sustained.

2. Elections—Conventions—Bolting Delegation.

Where a political convention for a senatorial district composed of two counties was regularly called by the chairman of the district committee, and the convention met with an uncontested delegation from one county, and two contesting delegations from the other, and was called to order by the chairman of the committee, whereupon the secretary of the committee attempted to read an order from the chairman of the state central committee removing the district chairman and appointing another, which caused an uproar and confusion, and the secretary retired to the rear of the hall with one of the contesting delegations and organized another convention, held that the withdrawing delegation was not justified in leaving the convention, and the delegates that remained represented the party, and the name of their nominee was entitled to be printed on the official ballot, under the name and emblem of the party.

*Review from the District Court of Arapahoe County.*

Mr. A. M. Nicholas, Mr. Grant L. Hudson, Messrs. Ward & Ward and Mr. John R. Smith, for petitioners.

Mr. T. J. O'Donnell, Mr. Victor A. Elliott, Mr. J. H. Blood, Mr. H. C. Davis and Mr. W. H. Bryant, for respondent.

Mr. Justice Goddard delivered the opinion of the court.

This proceeding is brought to review a judgment of the district court of Arapahoe county, and involves the right as

between two conventions, each claiming to be the regular convention of the Silver Republican party for the third senatorial district of Colorado, to the use of the name and emblem of that party. The facts out of which the controversy arises are in brief as follows:

The third senatorial district is composed of Douglas and El Paso counties. In the year 1898, previous to the calling of the senatorial convention, George A. Triplet was appointed chairman of the district committee, and A. A. McKnight was elected secretary. Said Triplet duly called a convention of the Silver Republican party in and for that district, to meet in Weber Hall, Colorado Springs, El Paso county, on September 9, 1898. Under this call El Paso county was entitled to forty-two delegates and Douglas county to twelve. Pursuant to this call, an uncontested delegation from Douglas county and two delegations from El Paso county—one of which we will designate as the McKnight delegation, and the other as the Plumb delegation—met at the time and place specified. Triplet and McKnight, in their respective capacities as chairman and secretary, went upon the platform and seated themselves at their respective tables. The convention was regularly called to order by the district chairman, whereupon the petitioner McKnight attempted to read what purported to be an order from the chairman of the state central committee removing Mr. Triplet and substituting Mr. Hickman as chairman of said committee. Thereupon some uproar and confusion arose, McKnight left the platform and retired with his delegation to the rear of the hall, where they proceeded to organize a convention of their own; elected Hickman chairman and Vincent secretary; nominated James Frank Gardner as candidate for the office of senator; selected the name and emblem of the Silver Republican party, and on September 10, filed a certificate of such nomination with the secretary of state. The Plumb delegation remained with the delegates from Douglas county, organized a convention, elected Henry Trowbridge as chairman, A. E. Dutcher secretary, adopted the name and emblem of the Silver Republican party,

and then adjourned to meet in Cripple Creek, September 16. In pursuance of such adjournment, this convention met in Cripple Creek, and nominated Elias M. Ammons as candidate for the office of senator for the third senatorial district; and on the 17th day of September filed with the secretary of state a certificate of such nomination. A protest was duly filed to the nomination of Gardner, and on September 15 was sustained by the secretary of state. A protest was also filed to the nomination of Ammons, which on September 21, was overruled.ᐧ On September 15, Gardner filed, in the office of the secretary of state, his resignation as candidate for senator. Thereafter, and on October 11, 1898, a committee appointed to fill vacancies met in the city of Colorado Springs and selected the petitioner McKnight as candidate to fill such vacancy; and on October 14, filed in the office of respondent a certificate of such nomination. The secretary of state then and there refused to certify or place upon the official ballot the name of said McKnight as a candidate for state senator, under the name and emblem of the Silver Republican party. No further proceedings were had until October 17, when a petition to review the decisions of the secretary of state rendered September 15 and 21, 1898, was filed in the district court of Arapahoe county. A motion to dismiss the proceeding was interposed upon the ground of laches, which was overruled, and the court proceeded to hear the controversy upon its merits, and entered judgment sustaining the rulings of the secretary of state.

We think the court below should have sustained the motion of respondent to dismiss the proceeding because of gross laches on the part of petitioner. The rulings sought to be reviewed were rendered September 15 and 21, 1898, and application was not made to the district court until October 17, a delay of thirty and twenty-four days respectively. Section 13 of the election act expressly provides that the decisions of the officer with whom the certificate is filed, upon matters of substance, shall be open to review, if prompt application be made; and furtherᐧ provides that the remedy in

all cases shall be summary. The word "prompt" as defined by Webster, means "ready, quick, expeditious; done or rendered quickly or immediately." Instead of exercising the diligence that this statute contemplates, the petitioner has been not only extremely dilatory, but seemingly guilty of intentional and vexatious delay. This is indicated by his failure to introduce any evidence on either of the hearings before the respondent, as well as by his failure to promptly obtain a review of the ruling complained of. But waiving this question, and looking at the case upon its merits, we entertain no doubt that the decision of the court below was correct in sustaining the ruling of respondent. There was no dispute that Triplet, as chairman of the third senatorial. district committee, issued a regular call for the district convention; and that upon the assembling of delegates he, in the rightful discharge of his duties as such chairman, called the convention to order, and proceeded in the regular and orderly way to complete its organization; and as the court well found from the testimony, that under the circumstances his attempted removal was not effective; and that it was the duty of the McKnight delegation to attempt to participate in its proceedings, to such an extent at least as to show that they were acting in good faith to obtain their rights under the rules and regulations pertaining to such assemblies; and that they were not justified in withdrawing in the manner that they did.

Furthermore, it is established beyond controversy by the testimony in the case, that the convention called to order and organized by Triplet was composed of the regularly and lawfully elected delegates of the Silver Republican party in that district; and that the McKnight delegates were not entitled to represent the party, even had they remained and applied for admission thereto; it appearing that the Plumb delegates were regularly selected by the county convention which, in the case of *Liggett v. Orr, ante,* p. 462, was held to be the regularly organized convention of the Silver Republican party of El Paso county, while the McKnight delegates were selected

by a committee called together in Cripple Creek on August 26, which, as also determined in that case, was without authority to act in the premises. In either aspect of the case, the rulings of respondent should not be disturbed. The judgment of the district court is affirmed.

*Affirmed.*

Campbell, C. J., dissenting.

The record discloses the fact that in this senatorial district there are two factions of the Silver Republican party,—that represented by the petitioners belonging to what is known as the Broad faction in this state, and that represented by respondent as the Blood faction. The former repudiates all connection with the Blood, and the latter with the Broad, wing. As my brother Goddard remarks, in *Liggett v. Orr, ante,* p. 462, —a controversy between rival lists of nominees of the same party for county officers,—the convention sending the Plumb, and not that sending the McKnight, delegates was held to be the regular convention of the party; and as the same list of delegates were elected to the senatorial conventions, the ruling there controls here. In that conclusion, however, I was unable to agree for the reasons set forth in the dissenting opinion filed therein, and for similar reasons I dissent now.

. But if it be conceded that the Plumb convention, when organized, was the regular convention of the party, still it does not necessarily follow that the Plumb ticket is now entitled to the party name and emblem. It appears in this case that a split exists not only in the state party, but in all its subordinate divisions, including this district. In the case of *Whipple v. Broad, ante,* p. 407, we held that the Broad faction in the state convention of the party was the genuine party and entitled to the use of its name and emblem. The McKnight ticket here was nominated by the Broad faction of the party in the district, and the Plumb ticket by the Blood wing.

The Broad state convention (which we held to be the regular one) admitted as delegates from El Paso county those

known as the McKnight delegates, who were selected both as delegates to the state and senatorial conventions; and in so doing thereby recognized the regularity of the convention which selected them. It also appears that the Blood faction disclaims all connection with the Broad party which now is the only genuine Silver Republican party.

My reasons for this conclusion are set forth at length in the case of *Twombly v. Smith, ante,* p. 425. The principle in that case is the same as in this, and for that reason I do not repeat the argument. The decision here, therefore, in my judgment, should be in favor of the petitioner.