484 P.2d 1257 (1971)
INTERSTATE FIRE & CASUALTY CO., an Illinois corporation, Plaintiff in Error,
v.
T. Mitchell BURNS, d/b/a T. Mitchell Burns Insurance Agency, Defendant in Error.
No. 70-527. (Supreme Court No. 24105.)
Colorado Court of Appeals, Div. I.
March 9, 1971.
Rehearing Denied April 6, 1971.
Certiorari Denied June 1, 1971.
*1258 Yegge, Hall & Evans, James C. Perrill, Denver, for plaintiff in error.
Clanahan, Tanner, Downing & Knowlton, Richard Downing, Jr., Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in reverse of the order of their appearance in the trial court. Plaintiff in error, Interstate Fire & Casualty Co., will be referred to as "Interstate." Defendant in error, T. Mitchell Burns, d/b/a T. Mitchell Burns Insurance Agency, will be referred to as "Burns."
Interstate seeks reversal of a judgment which Burns recovered against it in an action on an errors and omissions policy. Burns was in business as an insurance agent or broker. Interstate had issued to Burns its errors and omissions policy by which it agreed to indemnify Burns against claims made against him by reason of any negligent act, error or omission in the conduct of his business. During the period for which the policy was issued, Burns accepted from a customer, Earl Pinckney, an application for automobile liability insurance and a deposit on account of the premium. The insurance company to which Burns submitted the application declined to issue the policy. Before Burns notified Pinckney that he was unable to obtain the insurance, Pinckney was involved in an automobile collision. An action was filed against Pinckney in which the people injured in the accident sought to recover damages for their injuries. Pinckney filed a third-party complaint against Burns, alleging that Burns was liable to him for any judgment obtained in the action because Burns had negligently failed to procure liability insurance for him. In turn, Burns filed a third-party complaint against Interstate, alleging that Interstate, under the errors and omissions policy, was contractually obligated to pay any judgment which might be entered against him.
The claims asserted in the complaint and in the two third-party complaints were tried separately in successive actions. In the first trial, a judgment was entered against *1259 Pinckney. In the second trial, Pinckney recovered a judgment over against Burns. These two judgments were not appealed.
The third-party action which Burns filed against Interstate was tried to the court. Interstate admitted insuring Burns, but in defense of the action asserted that Burns had failed to give notice of the claim against him as required by the contract of indemnity and that such notice was a condition precedent to its liability under the contract. The trial court found that Interstate had received notice within the terms of the insurance contract and, accordingly, entered judgment in favor of Burns.
In urging reversal of the judgment, Interstate argues that the evidence fails to support the trial court's finding and judgment; and that, as a matter of law, the requisite notice of claim was not given.
The errors and omissions policy contains the following provision:
"E. (1) The Insured shall as a condition precedent to their right to be indemnified under this Insurance give to the Company immediate notice in writing
"(a) of any claim made against them or
"(b) of the receipt of notice from any person of an intention to hold the Insured responsible for the results of any breach of duty as Insurance Brokers, Insurance Agents or General Insurance Agents, and shall in either case, upon request, give to the Company such information as the Company may reasonably require."
The face of the policy contains the following statement:
"In the event of any loss insured by this policy you should IMMEDIATELY contact your agent or broker or wire this company collect"
The record discloses that the action against Pinckney was filed on March 15, 1966. Thereafter, on April 4, 1966, Pinckney's attorney sent a letter to Burns demanding representation in the action. The letter also requested the name of Burns' errors and omissions insurance company and threatened legal action against Burns. On April 5 or 6, 1966, Burns called the All Risk Agency Company and advised it of Pinckney's claim and demand against him. All Risk Agency Company was a sales agent for Interstate and its name appeared on the errors and omissions policy. All Risk advised Burns that they would look into the matter and notify Interstate. Burns told Pinckney's attorney the name of his insurance carrier and the name of the local agent. The attorney then called All Risk and was told to write directly to Interstate. Pursuant to such direction, Pinckney's attorney wrote to Interstate on April 25, 1966, outlining in detail the facts and circumstances upon which Pinckney based his claim that Burns was negligent and also made a claim against Burns because of such negligence.
On May 10, 1966, an adjuster employed by Interstate wrote to Burns requesting his cooperation. On May 20, 1966, Interstate wrote to Burns and acknowledged receipt of the letter of April 25, 1966, from Pinckney's attorney. This letter to Burns stated that it did not appear that the company had received prompt notice of the claim and that the company was reserving its rights pending further investigation.
Pinckney filed his third-party complaint against Burns on May 20, 1966. A copy of the complaint was mailed to Interstate's adjuster on May 24, 1966.
On June 21, 1966, attorneys employed by Interstate to represent Burns in the litigation notified Burns that coverage under the policy was being "declined." Thereafter, Burns entered into a non-waiver agreement with Interstate and Interstate's attorneys defended Burns at the trial of Pinckney's third-party claim. On these facts the trial court found that the verbal notice to Interstate's agent, followed by the written notice of claim within twenty-two days or so thereafter was a compliance with the policy provisions relative to notice.
*1260 Compliance with the notice clause was a condition precedent to the liability of the insurance company. As stated in Barclay v. London Guarantee & Accident Co., 46 Colo. 558, 105 P. 865:
"We are of the opinion that by the language of the contract an immediate notice of the accident and also notice of claim for damages as stipulated for are conditions precedent to the liability of the defendant, and without such notice or notices, or a legal excuse for the failure to give the same, the defendant cannot be held."
The policy here required "immediate notice in writing." In Certified Indemnity Co. v. Thun, 165 Colo. 354, 439 P.2d 28, the term "immediate notice" was considered and defined as follows:
"The insurance contract involves construction of the provision `as soon as practicable.' Clauses in insurance policies vary as to the time when notice of an accident must be given the insurer, using such terms as `immediate,' `prompt,' `forthwith,' `within a reasonable time,' etc. All such terms essentially mean the same thing; it generally being held that such clauses do not require instantaneous notice of an accident, but rather call for notice within a reasonable length of time under all the facts and circumstances of each particular case."
What constitutes a reasonable length of time must be measured by all of the circumstances of the case, and the issue of the reasonableness of the notice is ordinarily one of fact to be determined by the trier of facts. Hartford Accident & Indemnity Co. v. Day, 10 Cir., 359 F.2d 484, Certified v. Thun, supra. In the present case the trial court determined that the notice was reasonable and was in compliance with the requirements of the policy. The trial court's resolution of the issue in favor of the insured is supported by the record and will not be disturbed on review.
Interstate also contends that the trial court erred in finding that no claim or notice from any person of an intention to hold Burns responsible was received by Burns until after April 4, 1966.
The accident in which Pinckney was involved occurred on January 16, 1966. Afterwards, Burns was interviewed by Pinckney's attorney and by investigators employed by the people injured in the accident. Interstate argues that Burns, as an experienced insurance agent, should have realized before April 4, 1966, that a claim of negligence might be made against him. Burns testified that he did not realize that a claim would be made against him until April 4, 1966, and, as the court found, there is no evidence that any direct claim or notice of a claim was made against him prior to that date. Accordingly, we agree with the trial court's finding that April 4, 1966, is the date on which Burns was required under the terms of the policy to give notice of the claim.
Judgment affirmed.
DUFFORD and PIERCE, JJ., concur.