**Damien KEENAN, by and through his guardian, Kelly HICKMAN, Plaintiff–Appellee,**

v.

**Kelly GREGG, M.D., Defendant–Appellant.**

**No. 07CA0036.**

Colorado Court of Appeals, Div. III.

April 17, 2008.

LeHouillier & Associates, Patricia J. Le-Houiller, Colorado Springs, Colorado, for Plaintiff–Appellee.

Kelly Gregg, M.D., Pro Se.

Opinion by Judge TAUBMAN.

Defendant, Dr. Kelly Gregg, appeals the judgment entered upon a jury verdict in favor of plaintiff, Damien Keenan. We remand for further findings.

## I.  Background

On April 12, 2003, one of Dr. Gregg's patients, Keenan's mother, died of a drug overdose, and Keenan filed a wrongful death action against Dr. Gregg in July 2003.

Sometime before November 2005, Keenan retained Dr. Jack Paap as a standard of care expert. Because Dr. Paap was moving to Mexico in the "immediate future," Keenan's counsel scheduled a video deposition to preserve his testimony for trial. *See* C.R.C.P. 32(a)(3)(B) (permitting the admission of a witness's deposition testimony as substantive evidence when the witness is more than 100 miles from the place of trial or is not in the

United States). Keenan's counsel scheduled the video deposition for the afternoon of Monday, November 7, 2005, and sent notice to Dr. Gregg, who was pro se, on November 1.

However, Dr. Gregg had changed his address during the proceedings, and although Keenan's counsel had previously sent correspondence to the new address, he sent notice of the deposition to the old address. When the notice was returned as undeliverable, Keenan's counsel sent the notice to the new address on November 4. Dr. Gregg received it on Saturday, November 5.

On the morning of Monday, November 7, Dr. Gregg called Keenan's counsel, said he could not attend the deposition because of work obligations, and requested that it be rescheduled so that he could attend. Keenan's counsel replied that, because Dr. Paap was moving to Mexico, the deposition could not be rescheduled. The deposition was held that afternoon, but Dr. Gregg did not attend.

Nearly two months later, on January 6, 2006, Dr. Gregg filed a written objection with the court, asserting he had received inadequate notice of the deposition and requesting an opportunity to cross-examine Dr. Paap. Thereafter, the trial, originally scheduled for late January, was continued to November 2006. However, a hearing on Dr. Gregg's objection was not held until the first day of trial, November 27, 2006. Finding that Dr. Gregg was afforded reasonable notice and an opportunity to attend the deposition, the trial court permitted the introduction of Dr. Paap's video deposition.

The jury returned a verdict in favor of Keenan, and this appeal followed.

## II. Objection to Video Deposition

Dr. Gregg contends the trial court abused its discretion by permitting the introduction of Dr. Paap's video deposition into evidence because he was not given "reasonable notice" of the deposition. We agree in part and conclude that further proceedings are necessary.

We review a trial court's decision to admit evidence for an abuse of discretion. *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 595, 2007 WL 2389808 (Colo.App. No. 04CA1528, Aug. 23, 2007). We will only overturn such a ruling if it is manifestly arbitrary, unreasonable, or unfair. *Id.* However, "[o]ur interpretation of the rules of civil procedure involves questions of law, which we review de novo." *Isis Litig., L.L. C. v. Svensk Filmindustri*, 170 P.3d 742, 744 (Colo.App.2007).

"Consistent with C.R.C.P. 121, sec. 1–12, a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." C.R.C.P. 30(b)(1). Pursuant to C.R.C.P. 121 § 1–12(1), "[u]nless otherwise ordered by the court, reasonable notice for the taking of depositions pursuant to C.R.C.P. 30(b)(1) shall not be less than 5 days as computed pursuant to C.R.C.P. 6." When a time period is less than eleven days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded" from the computation. C.R.C.P. 6(a).

Here, Dr. Gregg received the notice only two days before the deposition, and one of those days was a Sunday. Consequently, because Dr. Gregg did not receive at least five days notice before the deposition, the trial court erred when it concluded he received "reasonable notice."

However, "[a]ll errors and irregularities in the notice for taking a deposition are waived unless written objection is *promptly* served upon the party giving the notice." C.R.C.P. 32(d)(1) (emphasis added).

Because Keenan argues that under C.R.C.P. 32(d)(1) Dr. Gregg waived any objection to Dr. Paap's deposition, we must interpret the provisions of that rule.

Initially, we note that C.R.C.P. 32(d)(1) does not require that a written objection be served upon the party giving the notice before the time of the scheduled deposition, and Keenan does not so contend. Even if we were to assume that a party should provide written objection before the date of the scheduled deposition, here, it would have been nearly impossible for Dr. Gregg to do so.

We also note that the term "promptly" is not defined in the rule. *Webster's Third*

*New International Dictionary* 1861 (1986) defines "prompt" as "ready and quick to act as occasion demands; responding instantly" and as "performed readily or immediately; given without delay or hesitation." These definitions might suggest, on the one hand, that an immediate response to a notice of deposition is required. *See McKnight v. Whipple,* 25 Colo. 469, 471–72, 55 P. 182, 183 (1898) (citing earlier version of Webster's, prompt means "ready, quick, expeditious; done or rendered quickly or immediately"). On the other hand, the phrase "ready and quick to act as occasion demands" suggests greater flexibility, dependent on the circumstances of the case. *See Interstate Fire & Cas. Co. v. Burns,* 29 Colo.App. 276, 281, 484 P.2d 1257, 1260 (1971) (in insurance contract, "immediate notice" means "prompt," which does not require instantaneous notice to insurer of accident, but calls for notice within a reasonable length of time under all the facts and circumstances of the case).

We conclude that this latter interpretation allowing for more flexibility is more in keeping with the scheme of Colorado's discovery rules. As the supreme court noted in *Todd v. Bear Valley Village Apartments,* 980 P.2d 973 (Colo.1999):

> The new civil procedure rules relating to discovery "establish a uniform, court-supervised procedure involving case management [that] encourages professionalism and cooperation among counsel and parties to facilitate disclosure, discovery, pretrial, and trial procedures." The purpose of the revised rules is to "eliminate the 'hide-the-ball' and 'hardball' tactics" that were common under the previous rules.

980 P.2d at 977 n. 2 (citation omitted) (quoting C.R.C.P. 16(a) and committee cmt.).

In *Todd,* the supreme court held that "under C.R.C.P. 37(c), a trial court has a duty to sanction a party for failure to comply with certain discovery deadlines by precluding evidence or witnesses, *unless* the party's failure to comply is *either* substantially justified *or* harmless." *Id.* at 975. Although the *Todd* court relied on specific language in C.R.C.P. 37(c), it emphasized that, when imposing sanctions under that rule, and considering whether to grant a continuance, a trial court must "strive to afford all parties their day in court and an opportunity to present all relevant evidence at trial," but must not "reward a party who fails to make timely disclosures." *Id.* at 979.

■ In our view, these policies should apply when a court considers whether a written objection to a notice of deposition is prompt. In this regard, we note that the nonexclusive list of factors identified by the *Todd* court may be considered to determine whether an objection to the inadequacy of a deposition notice is prompt. These factors include

(1) the explanation of the party for its failure to comply with the required disclosure;

(2) the potential prejudice or surprise to the party against whom the testimony is offered that would arise from allowing the testimony;

(3) the availability of a continuance to cure such prejudice;

(4) the extent to which introducing such testimony would disrupt the trial; and

(5) the non-disclosing party's bad faith or willfulness.

*Id.* at 978. As the *Todd* court emphasized, a party should not be denied the ability to defend himself or herself in court because of an inflexible application of a procedural rule.

Our conclusion is consistent with the result reached by several other jurisdictions presented with similar issues. *See Mims v. Cent. Mfrs. Mut. Ins. Co.,* 178 F.2d 56, 59 (5th Cir.1949) (interpreting former Fed. R.Civ.P. 30, court held that numerous depositions should have been excluded at trial because the other party did not have reasonable notice of them or sufficient time to move for a protective order); *Collins v. Wilkerson,* 2007 WL 915194 (S.D.Ohio No. 2:05–cv–0367, Mar. 26, 2007) (unpublished memorandum and order) (interpreting Fed.R.Civ.P. 32(d)(1), court held that it was unrealistic for a prisoner to be required to move for a protective order before a deposition to preserve his objection that five days notice of the deposition was inadequate); *Groves v. Groves,* 173 Mont. 291, 299–300, 567 P.2d 459, 463–64 (1977) (interpreting Mont. R. Civ. P. 32(d)(1), court upheld order excluding a de-

position taken without sufficient notice or an opportunity to move for a protective order).

■ Because the record does not reflect what reasons, if any, Dr. Gregg had for not objecting sooner in writing, the case must be remanded to the trial court to determine whether his objection was prompt. *See Cook v. Fernandez–Rocha,* 168 P.3d 505, 506 (Colo. 2007) (case remanded for determination, based on *Todd,* whether party's failure to disclose his expert witnesses was harmless).

In making this determination, the trial court should consider whether Dr. Gregg's written objection was made before Dr. Paap moved to Mexico, in which case his objection might be considered to have been promptly made. The trial court should also consider whether the rescheduling of the trial date from late January to November 2006 made Dr. Gregg's objection prompt in the context of the circumstances of this case. Thus, while Dr. Gregg's written objection might not be considered prompt with respect to a trial scheduled three weeks later, it could well be considered prompt with respect to a trial not occurring until the following November. *See Todd,* 980 P.2d at 980 (the plaintiff's failure to comply with the discovery deadline was harmless because the trial was continued for reasons independent of discovery matters).

Additionally, the trial court should consider that the original trial judge and another judge recused themselves, and that the trial setting was vacated and rescheduled in April for November 27, 2006. The trial court should also consider that, despite the postponement of the trial, the trial court did not address Dr. Gregg's objection until a case management conference in early November and did not rule on the objection until the morning of trial. The court, as noted, may also consider the relevant *Todd* factors.

Furthermore, the trial court should determine whether reasonable alternatives existed to permit Dr. Gregg to cross-examine Dr. Paap after his deposition had been taken, such as deposing him if he had returned to Colorado prior to trial; deposing him by telephone, *see* C.R.C.P. 30(b)(7); or deposing him by written questions, *see* C.R.C.P. 31; or whether the parties could otherwise have stipulated to the conditions of Dr. Paap's deposition. *See* C.R.C.P. 29 (parties may stipulate in writing that depositions "may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions").

Finally, if the court concludes that Dr. Gregg's objection to Dr. Paap's deposition was prompt, it should also determine how Dr. Paap may now be deposed if he still lives outside the country or more than 100 miles from the court, and order a new trial.

### III. Due Process

Dr. Gregg also contends the trial court violated his due process rights because he was not given an opportunity to confront and cross-examine Dr. Paap. We need not address this issue because its resolution depends upon the trial court's findings on remand.

### IV. Attorney Fees and Costs

■ Keenan contends that he is entitled to attorney fees and costs incurred for defending this appeal because it lacks substantial justification and is substantially frivolous and groundless. Because we have concluded that Dr. Gregg's appeal is meritorious, at least in part, we deny Keenan's request for attorney fees and costs. *See Front Range Home Enhancements, Inc. v. Stowell,* 172 P.3d 973, 977 (Colo.App.2007); *cf.* C.A.R. 38(d).

The case is remanded for further findings and conclusions, consistent with this opinion, as to the admission of Dr. Paap's video deposition testimony. If the trial court concludes that Dr. Gregg's written objection was prompt, the judgment shall be vacated and a new trial shall be held, subject to Keenan's right to appeal the ruling on remand. However, if the court concludes that the written objection was not prompt, the judgment shall stand affirmed, subject to Dr. Gregg's right to appeal.

Judge LOEB and Judge HAWTHORNE concur.