SIDNEY FREDERICK v. JOHN WOOD COMPANY AND ANOTHER.
GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., THIRD-PARTY DEFENDANT.

116 N. W. (2d) 88.

June 15, 1962—No. 38,536.

102

*Mahoney & Mahoney* and *Harry H. Peterson,* for appellant.
*Cummins, Cummins & Gislason* and *David W. Nord,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment entered pursuant to a verdict of a jury.

The facts may be briefly stated. Defendant John Wood Company is a large manufacturing company located in the city of St. Paul. In 1956 it decided to construct an elevated bridge connecting the second floors of two of its buildings. It let a contract to defendant Roy A. Shelgren to construct the bridge proper, which consisted of an enclosed ramp, or tunnel as it is sometimes referred to in the record. The Wood company contracted with others to install a conveyor within the tunnel and to do other work after the main construction had been completed by Shelgren. The contracts with Shelgren and others who were to perform various parts of the job included a provision that each contractor assumed the liability for accidents or injuries involving his own employees.

After the main tunnel or bridge had been completed by Shelgren, on June 11, 1956, plaintiff Sidney Frederick, an employee of Harley Christenson who had subcontracted to do the installation of the conveyor belt within the tunnel, accidentally fell through the floor of the tunnel to the ground about 20 feet below and was quite seriously injured. A very short time after the accident, Shelgren arrived at the scene of the construction and learned that a man had fallen through the bridge and had been hurt. After making some investigation, he concluded that he was not at all liable for the injury. For almost 2 years, no one claimed that Shelgren was in any way liable. On April

16, 1958, a suit was commenced by Frederick against the Wood company. Shelgren was not named as a defendant. The Wood company, through its insurer, interposed an answer in that action. For almost a year thereafter, Shelgren heard nothing about it to indicate that he was involved in any way. About a year after this action had been commenced, and almost 3 years after the happening of the accident, an attorney for Wood's insurer notified Shelgren that he was expected to defend the action. Shelgren immediately answered that Frederick was not his employee and that he was at a loss to understand how he could be held liable. This letter was never answered, and as far as Shelgren was concerned he thought the matter was at an end. That action was voluntarily dismissed by plaintiff on December 9, 1959.

On January 12, 1960, a second action was commenced by Frederick, this time against both the Wood company and Shelgren. Shelgren immediately forwarded this summons and complaint to his insurer, appellant in this action. Appellant denied liability on the ground that it had not been notified in accordance with its contract. The insurance contract contains these provisions:

"Defense, Settlement, Supplementary Payments   With respect to such insurance as is afforded by this policy, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

\*   \*   \*   \*   \*

"Notice of Accident or Occurrence   In the event of an accident or occurrence, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident or occurrence, the names and addresses of the injured and of available witnesses.

"Notice of Claim or Suit   If claim is made or suit is brought against the insured, the insured · shall immediately forward to the company

every demand, notice, summons or other process received by him or his representative."

After denial of liability by appellant, Shelgren undertook the defense of the action himself, and, after trial, the court found that there was no basis for liability on the part of Shelgren and a verdict was directed in his favor. Appellant was brought into the action as a third-party defendant and its liability to defendant Shelgren was tried as a separate action to recover attorneys' fees and expenses incurred by Shelgren in defending the action, it being his claim that his insurer was obliged to undertake such defense. The jury returned a verdict of $6,466.40 in his favor.

Essentially it is the claim of appellant here that the court erred in failing to direct a verdict in its favor on the theory that there was a violation of the insurance contract as a matter of law. It also assigns as error misconduct of counsel in his argument to the jury.

■ The legal question involved in this appeal has been before this court on a number of occasions. The rule is well established here that an insurer may not be absolved of the obligation of defending its insured because of the failure of the insured to give notice of an accident of which he has knowledge unless the insured has reasonable grounds to believe that he may be liable. In Minnesota Elec. Distributing Co. v. United States F. & G. Co. 173 Minn. 114, 117, 216 N. W. 784, 786, we said:

"* * * At the time it [the insured] did learn thereof it had no reasonable ground to apprehend that it in any manner would be charged with responsibility therefor. The assured rightfully concluded that no recovery could be had so far as it was concerned, and hence no useful purpose could be served by a notice to defendant. As soon as a rumor of the possibility of a claim came to the ears of the assured, it was investigated and ascertained to be without foundation. When it was finally made, it turned out utterly groundless. Even against such a claim, if sued, defendant had covenanted to assume the defense of the assured. Contracts of this sort must be given a reasonable construction so as to afford the protection paid for.

\*    \*    \*    \*    \*

"* * * knowledge of an accident the causing of which may not, on any reasonable basis, be attributed to the act or omission of the assured, does not call for immediate notice in order to secure the benefit of the insurer's covenant to defend a groundless suit brought against the assured on account thereof."

Similar language may be found in Farrell v. Nebraska Ind. Co. 183 Minn. 65, 235 N. W. 612, and Williams v. Cass-Crow Wing Co-op. Assn. 224 Minn. 275, 28 N. W. (2d) 646. See, also, Annotation, 18 A. L. R. (2d) 443.

The general rule is stated in 29A Am. Jur., Insurance, § 1393, as follows:

"It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident. Thus, where the insured has no reasonable grounds for believing that any act or omission by it or any act of its employees was the cause of an injury upon which an action was later based by an injured party against the insured, the insured was held not to be required to give any notice to the insurer under a liability policy requiring notice of an accident to be given 'as soon as practicable.' "

While there may be room for argument that Shelgren should have notified his insurer when he received a demand from the Wood company to defend the first suit, we think that the evidence justifies a finding that when he wrote the attorney for the insurer of the Wood company that he was not involved and heard nothing further about it he was justified in believing that was the end of the matter. That action was later dismissed. As soon as a new action was commenced in which he was named as a defendant, Shelgren did notify his insurer. There is reason for believing that was the first time anyone seriously claimed that Shelgren was liable. The outcome of that trial justified his belief that he could not be held liable. Whether he acted as a reasonably prudent man in his belief that he could not be liable was a question of fact that has now been resolved against appellant by the jury.

■ Appellant further contends that there was such misconduct on the part of Shelgren's attorney in his final argument to the jury that there should be a new trial. While there are some statements in the argument that we do not condone, we are satisfied to leave the determination of this matter to the sound discretion of the trial court. The argument of appellant's counsel is not included in the record. Numerous exceptions were taken to statements made in such argument, and from the exceptions we might well conclude that both counsel failed to exercise the restraint that might be expected of them. If counsel on one side of a case invites abuse, he can hardly complain if he gets what he invited. The trial court heard both arguments and was satisfied to let the verdict stand. We concur in that result.

■ There is also some mention in appellant's brief, not extensively argued, that the verdict of the jury was excessive. When an insurer gambles on being absolved of the obligation of defending its insured on a claim such as we have here and loses, it might well expect that the cost will be higher than if it had undertaken such defense itself. We believe that while the amount of the verdict is liberal it is within the bounds of the jury's discretion and that it should stand.

Affirmed.

MR. JUSTICE OTIS, having presided at the pretrial conferences, took no part in the consideration or decision of this case.