497 P.2d 1273 (1972)
James M. BERTHRONG, Plaintiff-Appellant,
v.
CERTIFIED INDEMNITY COMPANY, a corporation, Defendant-Appellee.
No. 71-226.
Colorado Court of Appeals, Div. I.
June 6, 1972.
*1274 Wormwood, Wolvington & Dosh, Laird Campbell, Robert C. Miller, Denver, for plaintiff-appellant.
John A. Wilson, Lakewood, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
The plaintiff-appellant was the driver of an automobile which had been borrowed from its owner by a Miss Peggy Frymire. An accident occurred during plaintiff's operation of the vehicle, and the damages to third parties resulting therefrom were paid by plaintiff. Plaintiff sought reimbursement in the trial court from the defendant-appellee, the liability insurer of the owner of the vehicle in question.
The issue presented to the trial court and by appeal to this court is whether the plaintiff was an additional insured under the omnibus clause of the automobile liability insurance policy issued by the defendant. Trial was to the court without a jury upon essentially uncontroverted facts, and, on motion at the conclusion of the plaintiff's case, the court entered judgment for the defendant. The court found that there was no evidence that the owner of the vehicle in question had "directly or indirectly, expressly or impliedly" given any permission to the plaintiff to use the automobile in question. We disagree with this conclusion reached by the trial court and, therefore, reverse and remand for a new trial.
The law is clear in Colorado that the general permission given by a named insured to another to use an automobile does not convey authority to the permittee to allow a second person independent use of the automobile and that, where a permittee is using an automobile beyond the scope of the permission given him, he will not be held to be an additional insured under the omnibus clause of an automobile liability policy. Ewing v. Colorado Farm Mutual Casualty Co., 133 Colo. 447, 296 P. 2d 1040. This rule, however, is inapplicable here.
The uncontroverted evidence discloses that the insured owner of the automobile *1275 gave to Miss Peggy Frymire the unlimited and unrestricted use of his car for a two-week period while he was in the State of California. During this time, Miss Frymire undertook to use the car for a trip to Colorado Springs, either for her own purposes, or to obtain certain repairs upon the car which had been arranged for by the owner. In making her trip, she allowed plaintiff to drive her to Colorado Springs, and it was upon this journey that the accident occurred. We conclude that the use was Miss Frymire's irrespective of who was physically operating the controls of the vehicle.
The omnibus clause of the policy in question includes as an "insured" under the policy, "the named insured," and "any person using the automobile . . . provided the actual use of the automobile is by the named insured . . . or with the permission . . ." of the named insured. (Emphasis supplied.) We must, therefore, construe the terms of the omnibus clause as they relate to the facts concerning the grant of permission. Krebsbach v. Miller, 22 Wis.2d 171, 125 N.W.2d 408. Where a named insured grants to another "actual use" of his automobile, there is no violation of that permission where the permittee turns over the mechanical operation of the automobile to another, but remains in the car with full right or power of control over its use. Persellin v. State Automobile Insurance Ass'n, 75 N.D. 716, 32 N.W.2d 644. See Maryland Casualty Co. v. Marshbank, 3 Cir., 226 F.2d 637; Annot., 4 A.L. R.3d 10 at 103. Thus, plaintiff's use or operation of the automobile was within the "actual use" contemplated by the named insured and for which he had granted permission.
The judgment is reversed and remanded for a new trial.
SILVERSTEIN, C. J., and DWYER, J., concur.