The **DAIRYLAND INSURANCE COMPANY, a Wisconsin corporation,**
Plaintiff,

v.

**Marguerite A. CUNNINGHAM et al.,**
**Defendants.**

**Civ. A. No. C–3885.**

United States District Court,
D. Colorado.

June 18, 1973.

Albert E. Zarlengo, Jr., Denver, Colo., for plaintiff.

Reginald D. Thomas, Colorado Springs, Colo., for defendant, Marguerite A. Cunningham.

Charles M. Dosh, of Dosh, DeMoulin, Anderson & Campbell, Denver, Colo., for defendant, Carlos Ulrich.

Ross M. Barton and Grant E. Miller, Colorado Springs, Colo., for defendant, Farmers Ins. Exchange.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This is an action by the plaintiff insurance company for a declaratory judgment that it is without liability with respect to an accident in which its insured was involved on June 18, 1971, for the reason that the insured did not comply with the notice provisions of the policy.

Trial was to the Court without a jury.

From the admitted facts and some conflicting evidence, the Court finds that, prior to June 18, 1971, the plaintiff through its agent, Universal Insurance, issued its policy of insurance to the defendant, Carlos Ulrich, on a Chevelle 1966, four-door automobile; that some days before June 18, 1971, Ulrich disposed of the Chevelle automobile and acquired a 1956 GMC van; that on June 18, 1971, Ulrich was involved in an accident involving the defendant, Cunningham, who claims that she was injured as a result of being struck by the 1956 GMC van driven by Ulrich.

Prior to the accident, Ulrich had not notified the insurance carrier of his disposition of the Chevelle and the acquisition of the GMC van. Shortly after the accident and on the same date, Ulrich notified Universal by telephone of the change of vehicles, but did not inform the agency or the plaintiff that he had been involved in an accident.

In the latter part of October 1971, Mrs. Cunningham's attorney wrote Ulrich that he represented Mrs. Cunningham and suggested that his letter be turned over to Ulrich's insurance carrier. Ulrich accordingly notified Universal. This was the first notice the plaintiff had that Ulrich had been involved in an accident.

The plaintiff made no investigation of the merits of the Cunningham claim or the facts and circumstances surrounding the accident, but took the position that the notice given did not comply with the requirements of the policy and denied any coverage or any obligation to defend Ulrich in any actions resulting from the accident. In March 1972, the plaintiff instituted this declaratory judgment action.

The plaintiff takes the position that since notice was not given by the insured, "as soon as practicable", as re-

quired by the policy, all its obligations and responsibilities under the policy were thereby automatically and completely discharged.

Such is not the rule in Colorado.

In 1909, the Colorado Supreme Court in Barclay v. London Co., 46 Colo. 558, 105 P. 865, held:

"The plain and unequivocal requirements of the contract are that 'upon the occurrence of an accident, and also upon receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim with the fullest information available', to the defendant. These conditions are as much a part of the contract as any other portion thereof. The plaintiffs voluntarily entered into the contract, with these conditions therein, and thereby made themselves subject to such conditions. Their stipulation in regard to immediate notice was a condition with which they must comply in order to bring the defendant under its obligations. Their right to indemnity flowed from this instrument. It was an executory contract, and failure to comply with the conditions as to notice was a failure to complete the contract. *We are not announcing the rule that under no circumstances could the written notice or notices be dispensed with, or the party assured be excused from giving the same. On the contrary, we think, where sufficient explanation of the failure to give the required notice appears in the record, the contract may nevertheless be enforced.* . . . (Emphasis added.)

"We are of the opinion that by the language of the contract, an immediate notice of the accident and also notice of claim for damages as stipulated for, are conditions precedent to the liability of the defendant, and without such notice or notices, or a legal excuse for the failure to give the same, the defendant cannot be held."

In Certified Indemnity Co. v. Thun, 165 Colo. 354, 439 P.2d 28 (1968), the Colorado Supreme Court applied the rule adopted in *Barclay,* but held in that case that the insured offered no excuse for the delay in reporting the accident and held the insurance carrier was not liable.

In Hubner and Williams Construction Co. v. London Guarantee & Acc. Co., 280 F.Supp. 288 (D.Colo.1967), Chief Judge Arraj was confronted with a contention similar to that made by the plaintiff in the instant case.

Judge Arraj cited with approval, the rule laid down in *Barclay* and then stated:

"This language reflects what is clearly the majority rule, that compliance with the notice clause is a condition precedent to the liability of the insurer. Also by the majority rule, the effect of this clause is to erect a presumption that the assured's failure to give timely notice prejudices the insurer. By what appears to be the better view, however, 'this does not mean that upon a showing of delay, alone, the insurer walks out of court free of potential claims. It means, rather that prejudice being a difficult matter affirmatively to prove, it is not required to make such proof.' 8 Appleman, Insurance Law & Practice, § 4732 at p. 17 (1962). In other words, the issue of prejudice is not to be considered wholly immaterial.

"The next question, that of burden of proof, is adequately answered by the following quotation:

'Prejudice may be presumed, with the burden upon the one seeking to impose liability to show that no prejudice did, in fact, occur—for example, that a complete investigation was made by another insurer or by competent persons who turned over the results to the "late notice" insurer. 8 Appleman, ibid.' "

 We concur and apply the foregoing rules to the facts of this case.

In this case, legal excuse was not supplied by the insured for his failure to comply with the notice provisions of the policy nor did the insured meet the burden of showing that no prejudice did in fact result from his failure to comply with the notice provisions.

In these circumstances, the plaintiff insurer is without liability under its policy.