589 P.2d 505 (1978)
J. Richard BARNES, Commissioner of Insurance, State of Colorado, as Receiver for Manufacturers and Wholesalers Indemnity Exchange, a reciprocal exchange, Plaintiff-Appellant,
v.
WACO SCAFFOLDING AND EQUIPMENT COMPANY, a Colorado Corporation, Defendant-Appellee.
No. 77-941.
Colorado Court of Appeals, Division II.
October 19, 1978.
Rehearing Denied November 16, 1978.
Certiorari Denied January 22, 1979.
*506 White & Steele, P.C., Robert A. Zupkus, Denver, Colo., for plaintiff-appellant.
Yegge, Hall & Evans, Richard D. Hall, Denver, Colo., for defendant-appellee.
ENOCH, Judge.
Plaintiff is receiver for Manufacturers and Wholesalers Indemnity Exchange (Manufacturers), which was declared insolvent and placed in receivership after this action was initiated. Plaintiff appeals from a declaratory judgment that defendant Waco Scaffolding and Equipment Company was entitled to the protection provided under its policy of insurance issued by Manufacturers even though Waco delayed giving Manufacturers notice of an accident. We affirm.
The material facts are not in dispute. Waco is in the business of selling, leasing, and servicing construction equipment. On several occasions in 1971, Waco was called to service a hoist being used to carry materials and equipment at a construction site. On December 23, 1971, the hoist fell to the ground causing serious injuries to two construction workers who were riding the hoist. Waco became aware of the accident that day and conducted its own investigation. Believing that it was in no way liable and that no claims would be asserted against it, Waco did not inform Manufacturers of the accident at that time. In January 1974, however, the injured workmen served a summons and complaint on Waco, and Waco then notified Manufacturers of the accident, calling upon the insurance company to defend the suit. Manufacturers subsequently brought this action for declaratory judgment that it owed no duty to defend or insure Waco for the accident because of Waco's failure to give timely notice under the terms of the insurance contract.
*507 Plaintiff contends that the court erred in concluding as a matter of fact or law that Waco's stated belief of non-liability for the accident constituted a sufficient excuse to delay reporting the accident until served in the personal injury suit. We do not agree.
Under the terms of the contract Waco was required to give Manufacturers written notice of an occurrence "as soon as practicable." Failure to notify the insurer within a reasonable time constitutes a breach of contract unless there is a justifiable excuse or extenuating circumstances explaining the delay. Certified Indemnity Co. v. Thun, 165 Colo. 354, 439 P.2d 28 (1968).
There are no Colorado appellate decisions determining whether a reasonable belief of non-liability will excuse delayed notice. In Barclay v. London Guarantee & Accident Co., 46 Colo. 558, 105 P. 865 (1909), our Supreme Court held against the insured for failure to give notice but specifically reserved decision on whether a reasonable construction of the policy excused notice when the insured had no reason to apprehend that a claim would be made.
Courts in other jurisdictions have allowed the excuse of reasonable belief of non-liability when it appears that the insured has exercised a high degree of care and has acted in good faith in coming to that conclusion. U.S. Fidelity & Guaranty Co. v. Giroux, 129 Vt. 155, 274 A.2d 487 (1971); Frederick v. John Wood Co., 263 Minn. 101, 116 N.W.2d 88 (1962). See also 8 J. Appleman, Insurance Law & Practice § 4744. The general rule is stated in 44 Am.Jur.2d Insurance § 1474, as follows:
"It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed he was not liable for the accident. Thus, where the insured has no reasonable grounds for believing that any act or omission by it, or any act of its employees, was the cause of an injury upon which an action was later based by an injured party against the insured, the insured was held not to be required to give any notice to the insurer under a liability policy requiring notice of an accident to be given `as soon as practicable.'"
We agree with the general rule and hold that a reasonable construction of the policy excuses delayed notice where the insured has acted as a reasonably prudent person in deciding he is not liable for the accident.
There is considerable evidence in the record to support the court's conclusion that Waco had a reasonable belief that it was not liable. Waco did not own or lease the hoist; it had no service contract at the site. In September 1971, while servicing the lift, employees of Waco observed worn parts, including a drive sprocket, and suggested to the contractor that appropriate repairs be made. The contractor did not give Waco authority to order the parts until November. Waco then had difficulty scheduling service calls to replace the worn parts because the contractor was reluctant to shut down the hoist. In a letter to the contractor dated December 4, 1971, Waco repeated warnings it had previously given orally that continued use of the hoist with the worn parts was dangerous.
By mid-December all of the worn parts were replaced except the drive sprocket. Because the drive sprocket required adjustment in a machine shop, Waco again, on the day of the accident or the day before, warned that use of the hoist with the worn drive sprocket was dangerous. Waco urged that the machine be shut down or its use curtailed, and that all personnel stay off the hoist. All of the parties at the site knew that the new sprocket would be available for installation within a day or two, and it was general knowledge among all of the supervisors and workmen on the job that the hoist was unsafe. In addition, it was against city ordinance, company rules, manufacturer's conditions, and Waco's advice for personnel to ride the hoist even when in good repair. When Waco inspected the hoist following the accident, it determined that the worn sprocket was the cause. Because of its thorough evaluation of all the circumstances and the fact that there was no indication that any claim would be asserted *508 against it, Waco had no reason to believe, until it was served summons two years later, that it would need the protection afforded under its policy of insurance.
We therefore concur with the trial court's ruling that, under the circumstances of this case, Waco acted as a reasonably prudent person in concluding that it was not liable for the accident and that no claim would be asserted against it. Thus Waco's failure to give notice as soon as practicable after the accident is excused.
Plaintiff further contends that a presumption of prejudice arises when notice is delayed and that defendant has failed to rebut that presumption. To support its argument, plaintiff relies on several federal cases, which hold that when notice is delayed the insurance company need not prove actual prejudice to maintain a defense on the policy. See Jennings v. Horace Mann Mutual Insurance Co., 549 F.2d 1364 (10th Cir. 1977); Dairyland Insurance Co. v. Cunningham, 360 F.Supp. 139 (D.Colo.1973); and Hubner & Williams Construction Co. v. London Guarantee & Accident Co., 280 F.Supp. 288 (D.Colo.1967). In none of those cases, however, did the court find that delay in giving notice was excused. Waco's delay, by contrast, was excused, and therefore the cited cases are inapposite here. Because there is an excuse in this case, we need not decide whether the insurer has the benefit of a presumption of prejudice when notice is delayed without cause.
We find no Colorado cases discussing the issue of prejudice when it has been determined that delay in giving notice is excused. Where, however, the insured has acted as a reasonably prudent person in determining that he will not be liable for the accident, the danger of actual prejudice to the insurance company is greatly diminished. Furthermore, an insurer's defense of prejudice, whether based on a presumption or not, would unfairly burden an insured who, at the time of the accident, acted as a reasonably prudent person. We therefore hold that once a determination has been made that the delay in giving notice is excused, prejudice to the insurance company because of the delay is not a factor to be considered in determining whether the insured is entitled to the benefits under its policy.
Judgment affirmed.
SMITH and STERNBERG, JJ., concur.