597 P.2d 1053 (1979)
Fletcher THOMAS, Plaintiff-Appellant,
v.
GUARANTY NATIONAL INSURANCE COMPANY, Garnishee-Appellee.
No. 79CA0068.
Colorado Court of Appeals, Div. I.
July 5, 1979.
Fletcher Thomas, Denver, pro se.
*1054 Watson, Nathan & Bremer, P. C., J. Andrew Nathan, Denver, for garnishee-appellee.
COYTE, Judge.
Plaintiff appeals from an order dissolving a writ of garnishment issued against Guaranty National Insurance Company (the company). We affirm.
Plaintiff was involved in an automobile accident and made demand upon the company, the other party's insurer, threatening suit if the company did not promptly pay plaintiff's claim. The company responded by denying liability for plaintiff's damages. Plaintiff then filed suit against the other party involved in the accident, obtained a default judgment, and approximately six months later served a writ of garnishment upon the company as the insurer of the judgment debtor. The company traversed the garnishment on the basis that it had received no notice of the suit and was thus relieved from any liability under the terms of its policy. After hearing, the trial court dismissed the traverse and dissolved the writ of garnishment.
The insurance policy in question provided that, as a condition to liability, the insured was required to notify the company of any accident as soon as practicable and, "if a claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
Neither the insured nor the plaintiff notified the company of the filing of the suit or the receipt of suit papers. Nevertheless, plaintiff contends that, by his demand for payment, he had given the company notice of his claim and that was sufficient to make the company liable under the policy. We disagree.
The requirements of notice of claim and forwarding suit papers exist independently of each other. Thus, here, even though the company had notice of the claim, it had no notice of suit, and accordingly, it is not liable to its insured for this incident. Potter v. Great American Indemnity Co., 316 Mass. 155, 55 N.E.2d 198. See Certified Indemnity Co. v. Thun, 165 Colo. 354, 439 P.2d 28; Barclay v. London Guarantee & Accident Co., Ltd., 46 Colo. 558, 105 P. 865; and Dairyland Ins. v. Marez, (No. 78-493, Colo.App. announced June 28, 1979). Consequently, there is no debt for the insured's judgment creditor to garnish.
Judgment affirmed.
VanCISE and STERNBERG, JJ., concur.