**UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff-Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant-Appellee.**

No. 80CA0884.

Colorado Court of Appeals, Div. II.

Jan. 13, 1983.

Rehearing Denied Feb. 10, 1983.

Certiorari Denied May 9, 1983.

Erickson, Quigley & Goss, P.C., Neil Quigley, Denver, for plaintiff-appellant.

Burnett, Horan & Hilgers, William P. Horan, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, United Services Automobile Association (USAA) claims defendant, Allstate Insurance Company (Allstate) was the primary carrier in this matter, and appeals the denial of its claim for sums it had paid in settlements, Personal Injury Protection (PIP) benefits, defense costs, and interest. It further appeals the declaratory judgment entered by the trial court which holds that Allstate is entitled to reimbursement from USAA for the PIP benefits paid by Allstate as provided by the Colorado Auto Accident Reparations Act (No Fault Act). We affirm.

The matters at issue evolved from claims and lawsuits by three passengers injured when a rental vehicle from Thrifty Rent-a-Car (Thrifty), Allstate's insured, went off the road while being driven by James Evans, USAA's insured. The vehicle had been rented by Nancy Ginsberg and Michael Schiffman, both of whom were passengers when the accident occurred. The rental agreement contains the following restriction:

> "Renter agrees that said vehicle shall not be operated . . . (E) By any person other than (1) the Renter or Additional Renter who signed this agreement . . . or (3) a driver for whom lessor has given written consent . . . ."

Thrifty did not consent to Evans driving the vehicle.

Ginsberg and Schiffman subsequently filed suit against Evans and that suit was immediately referred to USAA, but USAA waited seven months to notify Allstate and to demand that Allstate defend the suit. After Allstate refused, USAA did not inform Allstate that the suit and a claim by the third injured passenger had been settled. Allstate's policy required prompt notice of suits and claims.

The trial court found that USAA's coverage is primary. It concluded that Allstate's coverage is not primary because the omnibus clause of its policy extends coverage only to persons using a vehicle with permission of the insured, and then only if the actual operation or other actual use is within the scope of such permission. Further, the trial court found that Evans did not have Thrifty's permission to operate the vehicle. Alternatively, the court held that USAA waived any right it might have claimed under Allstate's policy because of USAA's unexcused failure to notify Allstate of suits and claims against Evans, as required under Allstate's policy.

## I

We agree with the trial court's conclusion, that by its unexcused delay in forwarding notice of the suit filed and the claims made against Evans, USAA and Evans waived their right to recover against Allstate.

■ Allstate's policy required the insured to forward notice of claims and suits to it immediately. USAA's failure to comply with that condition relieved Allstate of any obligation to defend or to indemnify in the Evans matter. *Marez v. Dairyland Insurance Co.,* 638 P.2d 286 (Colo.1982).

■ USAA's delay in notifying Allstate of the lawsuit, and its failure to inform Allstate of claims made and settled, are not excused simply because Allstate had corresponded with attorneys for the injured passengers, or because Allstate paid PIP benefits. Knowledge of a claim or the pendency of an action cannot be equated with or substituted for service of process. *Weber v. Williams,* 137 Colo. 269, 324 P.2d 365 (1958); *Thomas v. Guaranty National Insurance Co.,* 43 Colo.App. 34, 597 P.2d 1053 (1979). Notice of the occurrence, as well as delivery of suit papers, are conditions precedent to coverage. *Thomas v. Guaranty National Insurance Co., supra; Certified Indemnity Co. v. Thun,* 165 Colo. 354, 439 P.2d 28 (1968); *Barclay v. London Guarantee & Accident Co.,* 46 Colo. 558, 105 P. 865 (1909). Where this delay is unexcused, as here, the insurer is not required to show prejudice. *Marez v. Dairyland Insurance, supra.*

Because we have disposed of the issue of primary liability coverage for the above-stated reasons, we do not reach the issue of whether the rental agreement's restriction on permission to operate the rented vehicle may be incorporated by reference to create an exclusion in a rental vehicle insurance policy which otherwise would extend to the operator of that vehicle. *See Berthrong v. Certified Indemnity Co.,* 31 Colo.App. 81, 497 P.2d 1273 (1972).

## II

■ We also reject USAA's claim that it cannot be the primary insurer for PIP un-

der § 10–4–707(4), C.R.S.1973 (1982 Cum. Supp.) because its policy is "non-complying." The policy provides "the required minimum amounts and types of coverage" in any foreign state having compulsory insurance laws in which Evans operates any vehicle. Therefore, it is a "complying policy" as described in § 10–4–706, C.R.S.1973, and by operation of § 10–4–707(4), USAA's policy is primary for PIP benefits for injuries resulting from the operation of a non-owned vehicle. *Travelers Indemnity Insurance Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

Judgment affirmed.

BERMAN and KIRSHBAUM, JJ., concur.