**EMCASCO INSURANCE CO., an Iowa corporation, Plaintiff-Appellee,**

v.

**Margaret Carole DOVER and Zane Alan Dover, Defendants-Appellants.**

**No. 82CA0403.**

Colorado Court of Appeals, Div. I.

Oct. 20, 1983.

Rehearing Denied Nov. 10, 1983.

Certiorari Denied March 26, 1984.

Burnett & Horan, Myron H. Burnett, William P. Horan, Denver, for plaintiff-appellee.

Brian T. McCauley, Westminster, for defendants-appellants.

STERNBERG, Judge.

The defendants, Margaret and Zane Dover, were insured under an automobile liability policy issued by the plaintiff, Emcasco Insurance Company. In a declaratory judgment action filed by the insurer, the trial court held it was not obligated to defend the Dovers, and was not liable for any damages that might be awarded against the Dovers to a third party in an action arising out of a motor vehicle accident. On appeal by defendants, we reverse.

The liability insurance policy provided that "if claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." On March 7, 1979, the Dovers were involved in an automobile accident with a truck belonging to Holtz Trucking Company and being driven by one Mark William Holtz. The insurer was notified of this accident, and paid benefits to the Dovers under the Colorado Auto Accident Reparations Act, § 10–4–701 et seq., C.R.S.1973.

On May 15, 1980, the Dovers sued Holtz, who filed an answer and counterclaim against them on June 11, 1980. On July 25, 1980, the Dovers' attorney wrote to the insurer telling it that he had filed suit against Holtz, asking the company to forward records of payments to the Dovers, informing it of the counterclaim, inviting it to participate in the defense, and stating that:

"All pleadings, including our complaint, the answer and counterclaim, and all of our records and investigative documents

are available to you at our office for your review and copying at your convenience during regular business hours."

The Dovers' counsel prepared and filed an answer to the counterclaim and the case was eventually set for trial on February 22, 1982. On January 27, 1982, however, the insurer filed this action seeking a declaratory judgment that would void coverage under its policy because of the Dovers' failure to give notice to the insurer of the filing of the counterclaim and because of failure to forward the suit papers. The insurer moved in this declaratory judgment action for an order restraining the parties from proceeding to trial on February 22, 1982, in the Dover-Holtz damage suit.

This motion was set for hearing on February 18, 1982. The court took no evidence, but considered the insurer's verified complaint, a copy of the July 25 letter, and statements of counsel. While the hearing started out as relating to the motion for a restraining order, the merits of the declaratory judgment were argued, and, at the conclusion of the hearing, the court ruled on that issue. It held that the Dovers' failure to forward immediately the pleadings encompassing the Holtz counterclaim breached the notice requirement of the insurance policy, and that if the attorney's letter was considered adequate notice, the insurer had not had sufficient time to prepare for the February 22, 1982, trial. The court then determined the motion for restraining order to be moot and entered a declaratory judgment in favor of the insurer.

■ Initially, in this appeal, the insurer argues that the Dovers' failure to file a motion for new trial required a dismissal of the appeal. Finding that this was not the type of proceeding requiring filing of a new trial motion as a prerequisite to appeal, we reject this contention.

■ Only where there are controverted issues of fact is a new trial motion a prerequisite to an appeal of an adverse trial court ruling. C.R.C.P. 59(h). Here, there is no dispute as to the underlying facts and circumstances, and thus, controverted issues of fact are not involved. *Rowe v.*

*Watered Down Farms*, 195 Colo. 152, 576 P.2d 172 (1978).

Addressing the substantive issue, we agree with the Dovers' contention that, under the circumstances here, their actions were sufficiently in compliance with the provisions of the insurance policy so as not to vitiate the insurance coverage.

■ The requirement of notice of claim and of suit exists independently of each other. *Thomas v. Guaranty National Insurance Co.*, 43 Colo.App. 34, 597 P.2d 1053 (1979). Absent a valid excuse, failure to satisfy the notice requirement vitiates the policy. *Certified Indemnity Co. v. Thun*, 165 Colo. 354, 439 P.2d 28 (1968).

■ Here, notice of claim was given promptly, and indeed, the insurer paid the first party claims of the Dovers arising out of this accident. Also, Dovers' attorney gave written notice of the Holtz counterclaim to the insurer in a letter mailed some six weeks after the counterclaim was filed, but some 20 months prior to the trial date.

The object of the notice provision of the policy is to make certain the insurer is informed of suits filed against an insured. Under the circumstances present here, notice was given within a reasonable time. Thus, we conclude that there was substantial compliance with the notice requirement of the policy. *See Wilson v. United States Fidelity & Guaranty Co.*, 633 P.2d 493 (Colo.App.1981).

■ The attorney's failure to send copies of the suit papers to the insurer and thus comply strictly with the terms of the insurance policy was inexpedient and unfortunate. However, because the Dovers understandably left this detail to be handled by their attorney who did substantially comply with the notice of suit requirement, we hold that the Dovers' failure to comply strictly with the requirement to forward the suit papers, was excused. *See Certified Indemnity v. Thun, supra; Barnes v. Waco Scaffolding & Equipment Co.*, 41 Colo.App. 423, 589 P.2d 505 (1978).

■ With respect to the trial court's alternate finding that even if adequate notice had been given it was untimely because

sufficient time did not exist for the insurer to prepare for the trial, we note that prejudice to an insurer is not a factor to be considered in a late-notice case. *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981). However, if prejudice or lack thereof were a proper consideration, *see Marez, supra* (Quinn, J., dissenting), there is no indication in the record of how, under all of the facts of this case, a failure to forward suit papers covering a counterclaim filed on June 11, 1980, prejudiced the insurer in defending at a February 22, 1982, trial.

Consequently, we hold that where, as here, notice of claim is properly given and actual notice of filing of a suit and counterclaim is given by the insured's attorney, strict compliance with the requirement to forward suit papers is excused.

The judgment is reversed and the cause is remanded with directions to dismiss the declaratory judgment action.

PIERCE and SMITH, JJ., concur.