Aron Steuer, J.
The petition seeks permission to bring an action against the Motor Vehicle Accident Indemnification Corporation, pursuant to article 17-A of the Insurance Law. The petition is defective in two respects.
First, petitioner describes herself as a 11 qualified person.” This is a conclusion. The words ' ‘ qualified person ’ ’ are defined in the statute (Insurance Law, § 601) and a petitioner must set out sufficient facts to bring him within the definition. Specifically, petitioner fails to allege that she is a resident of this State or of a State giving relief similar ito that provided by the statute to residents of this State. She alleges that at the time of the accident she was a passenger in her husband’s automobile but she fails to allege that that automobile was insured.
Petitioner’s failure in these respects may be due to inadvertence and the deficiencies supplied by an amended petition. However, the difficulty is greater than that. Where the right to sue is claimed through a tort by an unidentified motorist, notification to the Police Department within 24 hours is a condition precedent (Insurance Law, § 608, subd. [b]). This period may be extended if service was not reasonably possible, or that a report was made as soon as reasonably possible. Here the report was made three days after the accident.
*964 Doubtless a long line of cases will spring from this provision, as it has in the several other instances where discretionary power to extend time for canse has been made a part of legislation. The showing of a reasonable possibility in this instance was perfunctory. • In a statute such as this, the very short time provided is entirely reasonable. It is a common and usual course of conduct to report to the police incidents of the character which would give rise to a cause of action under the provisions of this statutory section. Almost invariably a crime is involved, and a crime which outrages at least the person injured. Also it is universally appreciated that, failing a prompt report, apprehension or identification of the malefactor is difficult to the point of virtual impossibility. The condition therefor provided is what is generally done. On the other hand, a statute such as this, providing for recovery against a defendant who has no means of contesting the facts, should provide reasonable precautions against fraud. To prevent an application of fraudulent character, it is reasonable to insist that the party should give a good and solid explanation of why he did not do what people in the same situation commonly do. Motion denied.