No. 23279.

CERTIFIED INDEMNITY COMPANY *v.* THOMAS C. THUN.

(439 P.2d 28)

Decided April 1, 1968.

Duane O. Littell, Ronald C. Hill, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This writ of error is directed to a judgment entered in a third-party action on an automobile liability insurance contract. In the trial court plaintiff in error Certified Indemnity Company, hereinafter referred to as Certified, was the third-party defendant, and defendant in error Thomas C. Thun, hereinafter referred to as Thun, was the defendant and third-party plaintiff.

Thun in his third-party complaint alleged that Certified was contractually obligated to defend him in the main suit in which he was named defendant in a personal injury action; and also to pay the judgment which might be entered against him. In their answer Certified admitted insuring Thun, but affirmatively alleged that Thun had failed to cooperate and give notice of the accident to Certified as required under the insurance contract, both factors being conditions precedent to Certified being held liable.

Certified's motion for a separate trial of the third-party action was granted. Trial was to the court which found that Certified had received notice from Thun

within the terms of the insurance contract. Judgment was accordingly entered in favor of Thun on his third-party complaint.

In urging reversal of the judgment, Certified argues that the evidence wholly fails to support the trial court's finding and judgment, and that, as a matter of law, the requisite notice of the accident was not given by Thun. We agree that the judgment has no support in the record. We further note that Thun, by failing to participate or file a brief herein, has not favored us with any assistance.

The facts are not in dispute and may be summarized as follows: On April 29, 1965, Certified issued an automobile policy to Thun insuring him for a period of twelve months. On October 22, almost six months later, an automobile driven by Thun collided with two pedestrians, both of whom sustained injuries. The police investigated the accident and issued a traffic citation to which Thun pled guilty and paid a fine three weeks after the accident.

On November 22, Thun wrote a letter to one of Certified's affiliate companies requesting that the collision coverage set forth in his insurance policy with Certified be cancelled. No mention of the accident was made in this letter.

Shortly after the accident, Thun discussed the facts of the accident with the attorney representing one of the pedestrians who had been hit. The attorney, on December 7, wrote a letter to Certified concerning the accident. Upon receipt of the letter, Certified sent Thun a letter dated December 10, reserving their rights concerning coverage by the insurance policy. Along with the letter was enclosed a blank accident report form, which Thun did not fill out or return.

Thereafter, on December 22, another letter was sent to Thun requesting him to come to Certified's office. On January 3, 1966 Thun came to Certified's office as requested by the second letter and filled out an accident

report form. It took Thun seventy-three days following the accident to comply with the terms of the insurance contract.

On January 12 or 13, summons and complaint were served on Thun, praying for damages to compensate one of the injured pedestrians in the amount of $76,698 plus costs. Thun took the summons and complaint to his own attorney. Within a week they were delivered to Certified. On January 25, Certified sent Thun a letter advising him that coverage under the policy was disclaimed and that no benefits would be available to him. This third-party action was subsequently filed.

The relevant provisions of the insurance policy issued Thun by Certified provide as follows:

"1. *Notice of Accident — Coverages A, B and C:* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

\* \* \*

"7. *Action Against Company — Coverages A and B:* No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

\* \* \*

"18. *Assistance and Cooperation of the Insured — Coverages A, B, D, E, F, G, H, I, and J:* The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence,

obtaining the attendance of witnesses and in the conduct of suits. * * *"

 The insurance contract involves construction of the provision "as soon as practicable." Clauses in insurance policies vary as to the time when notice of an accident must be given the insurer, using such terms as "immediate," "prompt," "forthwith," "within a reasonable time," etc. All such terms essentially mean the same thing; it generally being held that such clauses do not require instantaneous notice of an accident, but rather call for notice within a *reasonable length of time* under all the facts and circumstances of each particular case. 8 J. Appleman, Insurance Law and Practice § 4734 (2d ed.); 13 G. Couch, Cyclopedia of Insurance Law § 49.39-49.48 (2d ed.).

The reasons insurers require prompt notice of an accident from the insured are well stated in 8 J. Appleman, *supra*, § 4731:

"The purpose of a policy provision requiring the insured to give the company prompt notice of an accident or claim, is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances. An adequate investigation often cannot be made where notice is long delayed, because of the possible removal or lapse of memory on the part of witnesses, the loss of opportunity for examination of the physical surroundings and making photographs thereof for use at the trial, and the possible operation of fraud, collusion or cupidity. Such a requirement tends to protect the insurer against fraudulent claims, and also against invalid claims made in good faith. And further, if the insurer is thus given the opportunity for a timely investigation, reasonable compromises and settlements may be made, thereby avoiding prolonged and unnecessary litigation. * * *"

██ Condition No. 7 of the insurance contract in issue here makes the giving of notice of an accident "as soon

as practicable" a condition precedent to any action against the insurer.

As to what constitutes a resonable time within which notice must be given depends on the individual facts and circumstances of each particular case. Failure to notify the insurer within a reasonable time constitutes a breach of that contract requiring a justifiable excuse or extenuating circumstances explaining the delay. Unless the delay is so explained, the insurer cannot be held liable under the insurance contract to defend the insured and pay any judgments recovered against him.

Ordinarily, it is a question for the factfinder as to what constitutes a reasonable time for the giving of the notice as provided in insurance policies. However, when facts are undisputed and only one inference can be drawn therefrom, it is a question of law for the court. Among numerous cases from various jurisdictions holding as a matter of law that notice to an insurer was not within a reasonable time are the following cases: *Zauderer v. Continental Casualty Co.*, 140 F. 2d 211 (2d Cir.) (29 days); *Depot Cafe, Inc. v. Century Indemnity Co.*, 321 Mass. 220, 72 N.E. 2d 533 (46 days); *Miller v. Zurich General Accident & Liability Ins. Co.*, 36 N.J. Sup. 288, 115 A. 2d 597 (over 3 weeks); *Vanderbilt v. Indemnity Ins. Co.*, 265 App. Div. 495, 39 N.Y.S. 2d 808 (28 days); *Gullo v. Commercial Casualty Ins. Co.*, 226 App. Div. 429, 235 N.Y.S. 584 (13 days).

As early as 1909 the question of the necessity for the giving of timely notice as provided in the policy was considered by this court in *Barclay v. London Guarantee and Accident Co. Ltd.*, 46 Colo. 558, 105 P. 865, wherein notice to the insurance company was not given until 90 days following the accident and approximately 60 days after the insured had been advised damages would be claimed. In the *Barclay* case this court held that the insured had failed to comply with the provisions of the policy requiring notice and therefore no recovery was

available. Some of the language of the court in that case is pertinent here:

"* * * The plain and unequivocal requirements of the contract that 'upon the occurrence of an accident, and also upon receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim with the fullest information available,' to the defendant. These conditions are as much a part of the contract as any other portion thereof. The plaintiffs voluntarily entered into the contract, with these conditions therein, and thereby made themselves subject to such conditions. Their stipulation in regard to immediate notice was a condition with which they must comply in order to bring the defendant under its obligations. Their right to indemnity flowed from this instrument. It was an executory contract, and failure to comply with the conditions as to notice was a failure to complete the contract. * * *

* * *

"We are of the opinion that by the language of the contract, an immediate notice of the accident and also notice of claim for damages as stipulated for, are conditions precedent to the liability of the defendant, and without such notice or notices, or a legal excuse for the failure to give the same, the defendant cannot be held. * * *"

As we have seen, Thun waited seventy-three days before providing the insurance carrier with written notice of the accident as required, and then only after Thun had received two requests. He failed to respond to the first request or return the form sent him. After the second request he did not respond until eleven days later.

No excuse for the delay in reporting the accident was offered by Thun. He testified he decided to "fight" the ticket before notifying Certified. Thun, however, did not in fact challenge the ticket, but pled guilty to the charge and paid the fine — all this transpiring within

three weeks following the accident. This evidence does not explain why Thun, after paying the fine, did nothing to notify his insurer. There clearly was ample opportunity to provide timely notice of the accident, and the facts show no excuse to justify an unreasonable delay of seventy-three days.

Additionally, it is to be noted that in the instant case Certified sent a reservation of rights letter to Thun and that a non-waiver agreement was signed by him. A majority of states consider these agreements valid and enforceable. See *General Accident Fire and Life Assur. Corp. v. Mitchell*, 128 Colo. 11, 259 P.2d 862.

The evidence and all reasonable inferences therefrom do not comply with the clear and unequivocal notice requirement contained in the policy. The trial court's finding of timely notice is wholly unsupported by the record.

The judgment is reversed and the cause remanded with instructions to enter judgment in favor of Certified and against Thun on the issues raised by the third-party complaint.

MR. JUSTICE PRINGLE concurs in the result.

MR. JUSTICE MCWILLIAMS not participating.