Murray H. Pearlmaw, J.
The parties hereto, in lieu of the trial of the issues raised on a special proceeding by petitioner for a permanent stay of arbitration, resorted to the simplified procedure provided for by CPLR 3031 et seq. The facts, as stipulated in the submission and at a pretrial conference held pursuant to CPLR 3035, are as follows:
On February 1, 1967, respondent, hereinafter referred to as claimant, was driving a taxicab owned by his employer, Harmel Cab Corp., which is insured by the petitioner. , While stopped at a traffic light, he was struck in the rear by a vehicle owned and operated by Oscar Hawkins, which apparently was pushed into claimant’s car by a truck owned by Joseph ¡Schwartz and Seymour Schwartz, doing business as the Accurate Refrigeration & Air Conditioning Company, and operated by Joseph Schwartz. An action was instituted in the New York City Civil Court by claimant against Hawkins and Schwartz, both of whom were insured by the Empire Mutual Company. Not having obtained Schwartz’ registration number at the time of the accident, claimant’s counsel (who stated that he was retained on February 20, 1967) on February 6, 1967 wrote to the Department of Motor Vehicles requesting the MV-15 for information concerning the registration number and for the FS-25, inquiring as to the name of Schwartz’ insurance carrier. When this information was received, about July 1, 1967, the request was made of the Motor Vehicle Department for a copy of Schwartz’ MV-104 report of the accident. This was received by counsel on September 7. In his report dated February 6, 1967 Schwartz stated that his vehicle was hit and propelled into Hawkins’ car (which in turn struck claimant’s vehicle) by a hit-and-run taxicab. On September 15, 1967 claimant served on MVAIC, addressed to MVAIC, a notice of intention to make a claim. A copy of this same notice was mailed to petitioner on September 28, 1967 and received the following day. No other notice or report was filed with petitioner. Claim *242 ant concedes that he at no time reported the occurrence as a hit-and-run accident to a police, peace or judicial officer or to the Commissioner of Motor Vehicles. On November 8, 1967 claimant served a demand for arbitration, which was countered by petitioner’s motion for a stay. This application was granted, pending a trial at Trial Term as to whether there had been (1) contact, (2) a hit-and-run accident, and (3) whether claimant had notified the police. On the submission to this court, petitioner also asserted: “There is no showing that anyone acting in behalf of the respondent filed a report as required by the policy at any time.”
Since claimant was the occupant of an insured vehicle, he was an “ insured ” person rather than a “ qualified ” person. As an insured, his rights are governed by the terms and conditions of the uninsured motorist endorsement issued by petitioner to the named insured — his employer. The clarification of the distinction of classes of person and the remedies available are concisely stated in New York Auto Law (vol. 2A, p. 67): “ An insured person is distinguished from a qualified person in that an insured person is a New York State resident who either owns an insured motor vehicle or qualifies as an insured under the omnibus clause in the insurance policy while a qualified person is a New York State resident who does not own an insured vehicle or who does not qualify as an insured under the omnibus clause. The insured person is covered by a liability insurance policy and therefore pursues his rights under the uninsured motorist endorsement while the qualified person is not covered by a liability insurance policy and has no rights jinder the endorsement.”
It follows, therefore, that the provisions of article 17-A of the Insurance Law governing the rights and procedural steps of “ qualified ” persons are inapplicable to the case at bar.
There is no merit to petitioner’s contention that claimant’s vehicle was not in physical contact with a hit-and-run vehicle. If, in fact, a hit-and-run vehicle struck Schwartz and propelled him into Hawkins, who in turn struck claimant’s car, this would constitute physical contact (MVAIC v. Eisenberg, 18 N Y 2d 1; Gavin v. MVAIC, 57 Misc 2d 335; Friedlander v. MVAIC, N.Y.L.J., Oct. 28, 1969, p. 19, col. 2 [Wegmaw, J.]). However, since the court finds that the resolution of the issues relating to claimant’s noncompliance with conditions precedent to claimant’s right to arbitration is dispositive of the action, no hearing need be held as to whether a hit-and-run vehicle struck Schwartz and was responsible for the alleged chain of causation,
*243 As to claimant’s conceded failure to notify the police or other officials designated, as required by the policy, it is to be noted that in the insuring agreements it is required that ‘ ‘ the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles ”. Claimant endeavors to vindicate his contention that there was no violation of the condition which requires the filing of the report by referring to section 608 (subd. [b], par. [3]) of the Insurance Law, which provides: 11 that the fact that the accident was not reported within twenty-four hours after the occurrence [of the accident] shall not prejudice the rights of any person filing [an affidavit for a claim against MVAIC] if it shall be shown not to have been reasonably possible to make such a report ”.
Claimant argues it was not reasonably possible to make the report since it was not discovered that there was a hit-and-run automobile involved until Schwartz ’ MV-104 was received some seven months after the accident and adverts to the fact that such reports are not available until more than 90 days after the accident. He argues that filing a report with the police at that late date would be a futile act. However, as heretofore pointed out, article 17-A of the Insurance Law, and its included section 608, is not applicable, since claimant’s rights are governed exclusively by the terms of the contract of the policy issued pursuant to subdivision 2-a of section 167 of the Insurance Law. There is no provision in the policy comparable to that appearing in the statute relied upon by claimant, which under any circumstance dispenses completely with the requirement of reporting to the police or other specified authorities. On the contrary, the condition requires that the report be given within 24 hours “ or as soon as reasonably possible ”. The court, in construing a contract, may not rewrite it so as to interpolate a clause similar to that appearing in section 608. It is fundamental that a court, in the guise of construing agreements, may not arrogate to itself the power of rewriting them (Rosenthal v. American Bonding Co., 207 N. Y. 162; First Nat. Bank v. National Sur. Co., 228 N. Y. 469; Norcross v. Wills, 198 N. Y. 336; see N. Y. Ann., Restatement, Contracts, § 226).
While the court may be in sympathy with persons in claimant’s position, the remedy therefor lies with the board of directors of MVAIC and the Superintendent of Insurance, who are charged with the duty of preparing the standard uninsured motorist clause (Insurance Law, § 167, subd. 2-a).
The court also finds that there has been a failure by claimant to comply with the condition precedent of timely reporting the *244 accident, as required by the provision in the policy under “Insuring Agreements.” That provision, which immediately follows the clause heretofore set forth relating to notice to the police, etc., reads as follows: ‘1 and shall have filed with the company within 90 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the request of the company, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.”
A provision similar in substance with respect to the filing of an affidavit reporting the accident in section 608 of the Insurance Law relating to ‘ ‘ qualified ’ ’ persons has been held to preclude authority in the court to engraft exceptions (other than those specifically provided for) so as to extend the 90-day period even though it were difficult, if not impossible, for a claimant to file the report timely. The court in so holding observed that the remedy therefore lay with the Legislature (Matter of Jones v. MVAIC, 19 N Y 2d 132; see, also, Rosante v. Copenhaver, 15 A D 2d 825).
While it may be urged that an ambiguity exists in the phrase “ within 90 days thereafter ” so as to fix the time as commencing from the filing of the police report, the court concludes that it was intended to relate to the time of the occurrence of the “hit-and-run” accident.. The purpose of this provision is to afford a carrier a reasonable opportunity to investigate any claim made by an “ insured ”. This is manifest from the provision, immediately following that requiring the report, to the effect that at the request of the carrier, the 1 ‘ insured ’ ’ make his vehicle available for inspection. What was said with respect to timely notice insofar as it relates to MVAIC is equally applicable here. In Matter of Lloyd (MVAIC) (23 N Y 2d 478, 482) the court stated: “It should be remembered that the clause [requiring notice within 90 days] enables MVAIC to investigate claims while they are fresh in the minds of all concerned and enables it to make as timely and competent defense against filed claims as may be possible (Matter of Kauffman [MVAIC], 25 A D 2d 419).”
Assuming arguendo, however, that the time period commences from the filing of the report with the police, this would be of no solace to claimant since he never filed a report with any of the specified authorities. It is to be observed that the requirement that the report be filed within 90 days is not qualified by the *245 phrase “ or as soon as practicable.” Such a qualification does appear under “ Conditions ” and modifies the requirement that a ‘ ‘ notice of claim ’ ’ be filed within 90 days. This notice, however, does not relate to the verified report required under the “Insuring Agreements.” When the notice of claim is given, the policy provides for the serving, on demand of the carrier, of verified proofs of claim setting forth certain particulars relating to the injuries and other data to enable the carrier to evaluate the claim and, inter alia, to submit to oral and physical examinations. The court therefore concludes that the filing of a “ notice of claim ” subsequent to 90 days after the accident, even though it is “as soon as practicable,” is not compliance with the condition precedent .set forth in the “ Insuring Agreements.”
It may also be observed, in passing, that the “notice of claim ’ ’ filed herein, even though timely, was invalid as a notice to petitioner. While mailed to the petitioner, it was not addressed to the Shamrock Casualty Company but to the Motor Vehicle Accident Indemnification Corporation and stated:1 ‘ This affidavit is presented to the Motor Vehicle Accident Indemnification Corporation for the purpose of giving my Notice of Intention to Make Claim against .said Motor Vehicle Accident Indemnification Corporation for injury, if otherwise uncollectible. ” The name of petitioner, Shamrock Casualty Company, appears nowhere in the notice. There is simply a statement that the vehicle claimant was operating was owned by a Harmel Cab Corp., which refused to advise him who its carrier was, which information was readily available from official sources. It is evident, therefore, that no valid notice or report was ever served on petitioner.
Accordingly, judgment without costs is directed in favor of the petitioner for a permanent stay of arbitration of respondent’s claim.