**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Donald L. LANDERS et ux., Appellees.**

**No. 17590.**

Court of Civil Appeals of Texas, Fort Worth.

March 14, 1975.

Strasburger, Price, Kelton, Martin & Unis, and Robert Keith Drummond, Dallas, for appellant.

John W. Herrick, Fort Worth, and Richard E. Ward, Roanoke, for appellees.

## OPINION

BREWSTER, Justice.

This is an appeal by the defendant, State Farm County Mutual Insurance Company of Texas, from the trial court's order overruling its plea of privilege. The plaintiffs, Donald L. Landers and wife, Ola Mae, sued to recover benefits provided for under the uninsured motorist coverage of an insurance policy that was issued to them by defendant.

We affirm.

Part IV of the policy sued upon contained the following provisions relating to uninsured motorists coverage that are material here: (The insurer agrees) "To pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury, . . . caused by accident and arising out of the ownership . . . of such uninsured motor vehicle . . . ."

Under definitions in this Part IV of the policy, an "uninsured motor vehicle" is described as including a "hit-and-run automobile."

The definitions in that part of the policy further provide the following: " 'hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'; (b) the *insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles*, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident." (Emphasis supplied.)

The plaintiffs sought to maintain venue of the case in Tarrant County under Subdivision 23 of Art. 1995. To do so one thing that they had to prove at the venue hearing is that they had a cause of action against the defendant corporation. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605 (1950), and 60 Tex.Jur.2d 64, Venue, Sec. 206.

Plaintiffs' petition alleged in substance that they were driving west in their car on the Stemmons Freeway in Dallas and were approaching the toll gate to the Dallas/Fort Worth Turnpike when a tractor-trailer combination (a truck) negligently swerved into their pathway, causing the rear wheels of the trailer to collide with plaintiffs' car and cause personal injuries to Mrs. Landers. Plaintiffs further alleged in substance that after the collision the tractor-trailer did not stop and plaintiffs are unable to say who was the driver or owner of the tractor-trailer.

Plaintiffs alleged that they have complied with all conditions precedent in the policy and that they have made demand on defendant to pay their damages sustained in the wreck.

The plaintiffs' theory of recovery under the uninsured motorists provision of the policy was that the car in which they were riding was negligently collided with by a "hit-and-run automobile" and that this collision proximately caused personal injuries to Mrs. Landers.

In order for the tractor-trailer rig to be a "hit-and-run automobile" within the meaning of the policy sued on it was necessary, under the policy provisions, that "the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles."

During the hearing of the plea of privilege the plaintiffs did not offer any evidence at all tending to prove that the insured or someone in his behalf reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles.

Defendant's contention is that the giving of the notice just referred to, which is provided for in Subdivision (b) of the definition of a hit-and-run automobile, is an essential element of plaintiffs' cause of action and when plaintiffs failed to offer any evidence tending to prove the giving of such notice that they failed to prove a cause of action against defendant. Defendant says it is because of this omission in the plaintiffs' evidence that the trial court erred in overruling defendant's plea of privilege.

The giving of the notice within 24 hours after the accident to police, etc., as provided for in Subdivision (b) of the definition of a "hit-and-run automobile" constitutes a condition precedent to a recovery under the policy sued on. Barfield v. Insurance Company of North America, 59 Tenn.App. 631, 443 S.W.2d 482 (1968, cert. denied); Shamrock Casualty Company v. Mack, 61 Misc.2d 240, 305 N.Y.S.2d 525 (1969), and Bonavisa v. Motor Vehicle Accident Indem. Corp., 21 Misc.2d 963, 198 N.Y.S.2d 332 (1960).

Rule 54, Texas Rules of Civil Procedure, provides in substance that in pleading performance of conditions precedent it will be sufficient to aver generally that all conditions precedent have been performed and that when such performance has been so plead, the party so pleading shall be required to prove only such of them as are specifically denied by the opposite party.

The plaintiffs in this case pleaded generally "that all conditions precedent were performed." The defendant's pleading, besides the plea of privilege, consisted only of a general denial. Defendant did not specifically deny that plaintiffs had performed the particular condition precedent involved here.

Under this state of the pleadings the plaintiffs were not required to prove per-

formance of the condition precedent. Dairyland County Mutual Ins. Co. of Texas v. Roman, 498 S.W.2d 154 (Tex.Sup., 1973).

The judgment is affirmed.