**Nellie P. GRATON, Plaintiff-Appellant,**

v.

**UNITED SECURITY INSURANCE COMPANY, Defendant-Appellee.**

**No. 86CA0121.**

Colorado Court of Appeals,
Div. II.

June 11, 1987.

Ozer, Spriggs & Trueax, P.C., John W. Trueax, Denver, for plaintiff-appellant.

Anderson, Campbell & Laugesen, P.C., J. Fern Black, Georgia N. Parker, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Nellie P. Graton, appeals the district court's entry of summary judgment for defendant, United Security Insurance Company. We affirm.

Plaintiff was injured in an automobile accident in Las Vegas, Nevada, on August 3, 1980. Because she was a passenger, her no-fault insurance policy required her to notify her insurer, defendant United Security, promptly of any injury arising from the accident. *See* § 10-4-707(1)(a), C.R.S. Plaintiff did not consult an attorney about her injury until December 10, 1984, and did not notify defendant of the accident until February 13, 1985.

After defendant rejected her claim as untimely, she brought this suit, alleging that defendant acted in bad faith in denying it. The district court granted defendant's motion for summary judgment and dismissed the action with prejudice.

Plaintiff contends that the trial court erred in granting summary judgment for

**534**

defendant because a material question of fact exists whether she had a justifiable excuse for failing to notify defendant of her claim within a reasonable time. She argues that her delay was justified because she was unaware of the provisions of her own policy, and because she relied upon a statement made by an agent for a different insurer to the driver, who was injured in the same accident. This contention is without merit.

■ Failure to notify an insurer within a reasonable time constitutes a breach of contract relieving the insurer from liability thereunder unless the insured establishes a justifiable excuse or extenuating circumstances explaining the delay. *Certified Indemnity Co. v. Thun*, 165 Colo. 354, 439 P.2d 28 (1968); *Colard v. American Family Mutual Insurance Co.*, 709 P.2d 11 (Colo.App.1985). When the facts are undisputed and only one inference can be drawn from them, what constitutes reasonable time for giving notice is a question of law. *Certified Indemnity Co. v. Thun, supra.*

■ Here, plaintiff's failure to notify her insurer for nearly four and one-half years after the accident was unreasonable as a matter of law. *See Certified Indemnity Co. v. Thun, supra.* Moreover, any ignorance or mistake as to insurance coverage caused by plaintiff's failure to familiarize herself with the terms of her own policy was unjustified and thus inexcusable as a matter of law. *See Cochran v. Massachusetts Bonding & Insurance Co.*, 76 Colo. 198, 230 P. 788 (1924). And, where delay in giving notice is unexcused, prejudice to the insurer need not be shown. *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981).

Accordingly, the trial court did not err in granting summary judgment for defendant, and that judgment is affirmed.

SMITH and STERNBERG, JJ., concur.