**STATE FARM FIRE & CASUALTY COMPANY, a corporation, Plaintiff–Appellee,**

v.

**Dennis P. NIKITOW, D.C., Dennis P. Nikitow and Associates, Denver Tech Chiropractic Center, Defendants–Appellants.**

No. 94CA0866.

Colorado Court of Appeals, Div. III.

Dec. 7, 1995.

As Modified on Denial of Rehearing March 21, 1996.

Certiorari Denied Oct. 15, 1996.

Anderson, Campbell and Laugesen, P.C., Richard W. Laugesen, Denver, for Plaintiff–Appellee.

McDermott, Hansen and Reilly, William J. Hansen, Denver, for Defendants–Appellants.

Opinion by Judge RULAND.

Defendant, Dennis Nikitow, appeals from the summary judgment entered in favor of plaintiff, State Farm Fire & Casualty Company, determining that certain State Farm insurance policies provide no coverage for claims asserted against defendant. We affirm in part, reverse in part, and remand the case for further proceedings.

Defendant is a licensed chiropractor who formerly practiced with two associates. One of their patients was paralyzed when an undiagnosed spinal tumor ruptured during chiropractic treatment on October 30, 1989. Defendant promptly notified his malpractice carrier, but not State Farm, of the incident.

The patient filed a complaint against defendant, his associates, and others on June 4, 1990, alleging various acts of malpractice and other negligence. The complaint was amended on various occasions. The third amended complaint was sent to defendant on September 2, 1991.

Defendant notified State Farm of the claims following receipt of the third amended complaint, by way of a demand letter. At that point in time, the case was set for trial within 48 days. State Farm promptly offered to assist in defendant's defense. However, defendant entered into a $5 million settlement agreement shortly thereafter which included entry judgment on all issues.

The patient's third amended complaint combined with the prior complaints against defendant contained 20 claims for relief. The first 16 claims addressed the alleged negligence and malpractice. As pertinent here, claims 17 through 19 alleged administrative negligence and breach of contract based upon defendant's failure to enforce the insurance requirements in his contract with his associates. The twentieth claim was for emotional distress based upon a marketing letter defendant sent to the patient after she was injured.

At the time State Farm was first notified by defendant of the settlement, defendant asserted that State Farm would be obligated to pay certain amounts due under the agreement pursuant to the terms of a "Personal Liability Umbrella Policy" and two "Business Policies" issued by State Farm in 1989 and again in 1990. In response, State Farm filed this declaratory judgment action to determine whether any of the policies provided coverage for any of the patient's claims and whether defendant had otherwise failed to comply with policy requirements relative to notice of the incident and settlement of the claims.

Both parties filed motions for summary judgment. Based upon the submissions in support of the motions, the trial court concluded that the policies did not provide coverage for any of the claims.

I

Defendant contends that the trial court erred in determining that the umbrella policy did not provide coverage for the malpractice claims asserted by the patient. Defendant further contends that the court erred in concluding that the "extension of coverage" provisions of the 1989 business policy did not provide coverage for certain of these claims. We affirm the trial court's ruling on other grounds.

■ With reference to notice of claim, the umbrella policy provided:

We may not provide coverage if you refuse to:

1. Notify us of an accident. If something happens that might involve this policy, you must let us know promptly.

The 1989 business policy provided:

3. Insureds' duties in the event of occurrence, claim or suit.

a. In the event of an occurrence, the insured shall give to the Company or its authorized agents, as soon as practicable, written notice. . . .

b. If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by them. . . .

■ The failure to notify an insurer within a reasonable time of claims made against the insured constitutes a breach of the insurance contract relieving the insurer from liability unless a justifiable excuse or extenuating circumstances are shown that explain the delay. *Certified Indemnity Co. v. Thun,* 165 Colo. 354, 439 P.2d 28 (1968).

■ In our view, each policy at issue here sets forth the notice of claim requirement in unambiguous language. Further, when, as here, the facts are undisputed and only one inference can be drawn from those facts, the issue whether notice was given within a reasonable time is a question of law. *See Graton v. United Security Insurance Co.,* 740 P.2d 533 (Colo.App.1987).

■ In this case, defendant notified his malpractice insurance carrier promptly after the patient was injured but failed to notify State Farm of the incident until approximately two years had elapsed. However, based upon a conversation with his insurance agent, defendant testified to his understanding when he purchased the umbrella policy that it covered malpractice claims in amounts claimed over and above the limits of his malpractice policy. And, there were no allegations in plaintiff's complaint to suggest that she was seeking to recover less than defendant's malpractice policy limits.

Indeed, the complaint alleges that the patient was rendered a "C–1, C–2 complete flaccid quadriplegic" who suffered "immediate respiratory arrest." Finally, in addition to damages for past and future medical care, loss of earnings and earning capacity, physical impairment, and pain and suffering, the complaint alleged that all of the defendants' conduct was willful and wanton, thus permitting an award of exemplary damages. Hence, we conclude that a notice of claim was required under the terms of each policy.

Contrary to defendant's contention, we do not view either *Barnes v. Waco Scaffolding & Equipment Co.,* 41 Colo.App. 423, 589 P.2d 505 (1978) or *Colard v. American Family Mutual Insurance Co.,* 709 P.2d 11 (Colo. App.1985) as support for his contention that the delayed notice was excused. In *Barnes,* a division of this court held that an insured's reasonable belief that there was no liability for an incident based upon a thorough investigation of the claim excused failure to give notice. In *Colard,* another division held that failure to give notice was excused because both the insured's insurance agent and his attorney advised that the policy did not afford coverage.

In contrast here, defendant recognized his potential liability and gave notice to his malpractice insurance carrier. Further, as noted, defendant testified that his agent confirmed the existence of excess malpractice coverage when he acquired the policy. Hence, we conclude that defendant's failure to provide notice of the malpractice claims as required by the policies forecloses any claim of coverage.

Because the record fails to support an excuse for defendant's failure to give notice, we need not address State Farm's claim of prejudice for failure to notify it of the claim. *Marez v. Dairyland Insurance Co.,* 638 P.2d 286 (Colo.1981).

## II

■ The 1989 business policy provides comprehensive business liability coverage for certain occurrences. Defendant entered into a written agreement with his associates which obligated each of the associates to obtain, at their own expense, at least $1 million in malpractice coverage. In one of the claims against defendant, the patient alleged that there was a breach of the written

agreement because defendant did not enforce this provision.

Defendant in effect contends that the patient was a third-party beneficiary of this agreement with the associates and that, therefore, the 1989 business policy provides coverage for his failure to ensure that the associates maintained their malpractice insurance. We conclude that the trial court did not err in granting summary judgment on this contention.

■ In order to pursue a claim on this contract theory, it must appear that the patient was a third-party beneficiary of the agreement as distinguished from an incidental beneficiary to that arrangement. *See Jefferson County School District v. Shorey*, 826 P.2d 830 (Colo.1992). And, to achieve the status of a third-party beneficiary, an intent to benefit the patient must be apparent from the agreement terms, surrounding circumstances, or both. *See E.B. Roberts Construction Co. v. Concrete Contractors, Inc.*, 704 P.2d 859 (Colo.1985).

Here, the written agreement between defendant and his associates addresses the terms of employment for each of the associates as well as the services and equipment that defendant will provide. Among other things, the agreement provides for the compensation to be paid each associate, the vacation time allowable in each year, the grounds for termination of the contract, the standards of performance for each of the associates, and the damages which defendant may recover if any associate leaves defendant's clinic and starts practice elsewhere in the area. Finally, the provision relating to an associate's obligation to provide malpractice insurance requires that defendant be protected as a named insured.

Under these circumstances, we conclude that the patient is an incidental beneficiary of the agreement as a matter of law. We find no provisions in the instrument which indicate an intent to provide a direct benefit to the patient. Instead, the intent of the agreement is to benefit defendant and his clinic and to protect the clinic in the conduct of its business. *See Quigley v. Jobe*, 851 P.2d 236 (Colo.App.1992) (Contract provision which does not demonstrate an intent to create enforceable rights in or duties to third-parties precludes a claim that one is a beneficiary of the contract). Therefore, even assuming that coverage was available under the policies, we perceive no basis for defendant's claim on this theory.

### III

■ In the alternative, defendant contends that the patient's claim for negligence in not enforcing the provisions of the employment agreement is covered by the 1989 business policy. Again, we disagree.

In order to prevail on the negligence theory, it must first appear that defendant had a legal duty to the patient to enforce the terms of this agreement. We are unable to conclude that such a duty exists under the circumstances of this case.

At the time of the injury to the patient, there was no statutory obligation for a chiropractor to carry malpractice insurance. Instead, the first statutory requirement for maintenance of malpractice insurance was adopted effective in 1990. *See* § 13–64–301(1)(a), C.R.S. (1995 Cum.Supp.). Further, defendant has cited no cases and we find none which establish a legal duty upon a chiropractor for the benefit of his patients to ensure that other practitioners in his office carry independent liability coverage for their acts or omissions when, as here, the chiropractor has secured coverage. *Cf. Morales v. Fansler*, 209 Cal.App.3d 1581, 258 Cal. Rptr. 96 (1989) (Landlord has no duty to customers of tenant to enforce provision of lease requiring tenant to purchase liability insurance).

### IV

■ After the patient was injured by the chiropractic treatment, she received a marketing letter from defendant urging her to return to his office for chiropractic care. In her complaint against defendant, the patient alleged that the letter caused severe emotional distress. Deposition testimony also indicated that she suffered physical symptoms such as severe nausea. Given these circumstances, defendant contends that the

trial court erred in concluding that the patient's claim for emotional distress was not covered under the 1991 business policy. We conclude that entry of summary judgment on this claim was improper.

█ The business policy affords coverage for "bodily injury, sickness or disease." In *National Casualty Co. v. Great Southwest Fire Insurance Co.*, 833 P.2d 741 (Colo.1992), our supreme court held that the term "bodily injury" did not encompass purely emotional harm. However, as we read the opinion, coverage is available if the injury is accompanied by physical manifestations of the emotional distress.

Here, the patient testified to the physical discomfort associated with nausea that resulted from receipt of the letter and also testified to ongoing nightmares that in effect produced physical discomfort. Hence, resolving any doubts as to the existence of disputed issues of fact in defendant's favor, as we must, we conclude that entry of summary judgment for State Farm on this claim was error. *See Mancuso v. United Bank,* 818 P.2d 732 (Colo.1991).

We have considered State Farm's other contentions for affirmance of the judgment dismissing this claim for relief and conclude that disputed issues of fact must be resolved relative to each of those contentions and that such preclude entry of summary judgment.

That part of the judgment dismissing defendant's claim of coverage for the patient's emotional distress claim is reversed. The remaining provisions of the judgment are affirmed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

JONES and BRIGGS, JJ., concur.