**SHELTER MUTUAL INSURANCE COMPANY and Farmers Insurance Exchange, Plaintiffs–Appellees,**

v.

**Gordon B. SELLEY, D.C. and Beverly Rogacki, Defendants–Appellants.**

**No. 96CA0160.**

Colorado Court of Appeals,
Div. V.

July 10, 1997.

Kane, Donley & Johnson, P.C., Jack E. Donley, Colorado Springs, for Plaintiff–Appellee Shelter Mutual Insurance Company.

Hall & Evans, L.L.C., Alan Epstein, Denver, for Plaintiff–Appellee Farmers Insurance Exchange.

Pribila & Sokolow, P.C., Anthony L. Sokolow, Colorado Springs, for Defendants–Appellants.

Opinion by Judge METZGER.

In this action for declaratory relief, defendants, Gordon B. Selley and Beverly Rogacki, appeal the summary judgment entered in favor of plaintiffs, Shelter Mutual Insurance Company (Shelter) and Farmers Insurance Exchange (Farmers) (collectively insurers). We affirm.

Alleging that they had been injured in a hit-and-run automobile accident on August 31, 1993, Selley, who had uninsured motorist coverage from Shelter, and Rogacki, who had uninsured motorist coverage from Farmers, filed claims with their respective carriers in November 1993.

In response, insurers brought this declaratory judgment action, and each moved for summary judgment, alleging that, since defendants had failed to report the accident to the police within 24 hours of its occurrence, their failure to comply with this condition

precedent vitiated uninsured motorist coverage under both policies.

The trial court granted both motions, finding that notice was not given and that "there was no legal excuse or delay for non-notice and none is claimed .... [w]here there is no excuse, prejudice is not an issue ... and there was no waiver by [insurers] nor detrimental reliance by defendants."

## I.

Defendants first contend the trial court erred in determining that they were required to notify the police within 24 hours after the hit-and-run accident as a condition precedent to coverage, and that their failure to comply with the notice provisions in their insurance policies excused insurers from providing coverage. We disagree.

Summary judgment is proper under C.R.C.P. 56(c) if the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing that there is no genuine issue of fact is on the moving party. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987).

An insurance contract is evaluated as any other written agreement and must be construed to carry out the intent of the parties. *Allstate Insurance Co. v. Starke*, 797 P.2d 14 (Colo.1990).

When contractual words and phrases are unambiguous, we must apply them according to their commonly accepted and understood meaning. *Farmers Insurance Exchange v. Dotson*, 913 P.2d 27 (Colo.1996).

Policy provisions requiring an insured to provide timely notification to the insurer of an accident as a condition precedent to coverage are generally enforceable. *See Hansen v. Barmore*, 779 P.2d 1360 (Colo. App.1989). However, Colorado courts have not yet addressed the question whether an automobile policy provision requiring insureds to notify police within 24 hours after a hit-and-run or "phantom" automobile accident is enforceable as a condition precedent to coverage.

Here, Shelter's policy provided:

A person claiming Uninsured Motorist coverage, if a hit and run driver is involved, must also notify the police within 24 hours of the accident.

This language was located on the first page of text in the policy, in the section titled "WHAT TO DO IN CASE OF AN AUTO ACCIDENT OR LOSS."

Similarly, Farmers' policy provided:

A person claiming any coverage of this policy must also....

Notify police within 24 hours and us within 30 days if a hit-and-run motorist is involved and an uninsured motorist claim is to be filed.

This language was also located on the first page of text and was part of the section titled "WHAT TO DO IN CASE OF ACCIDENT."

Both of these notice provisions are unambiguous. In both policies, the notice provisions are printed in the same type size as all other provisions. Further, each policy contains language informing insureds that they must strictly comply with all duties listed in the contract and that failure to comply will exempt the insurer from liability arising under the policy.

Colorado courts have strictly enforced analogous policy provisions which require an insured promptly to notify an *insurer* of a potential claim. These decisions have reasoned that strict enforcement of such provisions allows the insurer to make a timely and adequate investigation of the accident or claim, and allows the insurer to protect itself against invalid or fraudulent claims. Under these decisions, an insured who fails to comply with the notice requirements of the policy is denied coverage unless he or she demonstrates justifiable excuse or extenuating circumstances. *See Certified Indemnity Co. v. Thun*, 165 Colo. 354, 439 P.2d 28 (1968); *see also State Farm Fire & Casualty Co. v. Nikitow*, 924 P.2d 1084 (Colo.App.1995). In our view, the same rationale applies here.

Motorists who are involved in any traffic accident resulting in "injury to, serious bodily injury to, or death of any person or any

property damage ..." are required to report the accident to the police immediately. Section 42–4–1606(1), C.R.S. (1996 Cum.Supp.).

Additionally, while Colorado courts have not previously construed a policy provision similar to those at issue here, courts in other jurisdictions have strictly enforced such provisions based on principles similar to those discussed in *Certified Indemnity Co. v. Thun, supra; Hansen v. Barmore, supra;* and *State Farm Fire & Casualty Co. v. Nikitow, supra.*

For example, in enforcing such a provision, the Missouri Court of Appeals noted that:

> Strong public policy interests are protected through the use of notice provisions. For, the insured public will incur additional and unnecessary costs if insurers are forced to pay stale claims, as to which the insurer has not been accorded the opportunity to conduct an investigation while the facts are still fresh. This consideration is particularly acute in a situation .... where an unidentified 'hit and run' or 'phantom' vehicle is involved.

*Billings v. State Farm Mutual Automobile Insurance Co.,* 741 S.W.2d 886, 888 (Mo.App. 1987); *see also Alabama Farm Bureau Mutual Casualty Insurance Co. v. Cain,* 421 So.2d 1281 (Ala.Civ.App.1982) (unambiguous insurance policy provision requiring notice to police within 24 hours after accident is enforceable as condition precedent to coverage); *State Farm Automobile Insurance Co. v. Sternberg,* —— So.2d —— (Fla.Dist.Ct. App. No. 95–2217, February 14, 1997) (1997 WL 63676) (automobile insurance policy requirement that notice of hit-and-run accident be given within 24 hours to police is condition precedent to coverage); *Royal–Globe Insurance Co. v. Craven,* 411 Mass. 629, 585 N.E.2d 315 (1992) (insurance policy required compliance with 24–hour notice provision as condition precedent to coverage; however, prompt notice was excused because of extenuating circumstances); *Tresner v. State Farm Insurance Co.,* 913 S.W.2d 7 (Mo.1995) (insured who fails to comply with policy notice provision is precluded from obtaining coverage unless insured shows incapacity or substantial compliance); *Shamrock Casualty Co. v. Mack,* 61 Misc.2d 240, 305 N.Y.S.2d 525 (Sup.Ct.1969) (insurance policy provision requiring notice to police within 24 hours after accident, or as soon as possible, is valid under New York law); *State Farm County Mutual Insurance Co. v. Landers,* 520 S.W.2d 604 (Tex.Civ.App.1975) (giving notice to police within 24 hours after accident, as required by insurance policy, constituted condition precedent to recovery under uninsured motorist provision). *See generally 2 No Fault & Uninsured Motorist Automobile Insurance §§ 25.40[1], 26.30[1]* (Matthew Bender ed.1997); A. Widiss, *A Guide to Uninsured Motorist Coverage § 4.7* (1970). *Cf. Price v. Doe,* 638 A.2d 1147 (D.C.App.1994) (notice provision not enforced because of ambiguous wording; since motorists involved in accident exchanged information, it was not a traditional "hit-and-run" within meaning of policy); *Alexander v. Allstate Insurance Co.,* 388 So.2d 592 (Fla.App.1980) (notice provision requiring that accident be "reported within twenty-four hours to the proper authorities" not enforced because of ambiguity and because there was no proof that insured ever received copy of policy); *Powell v. Automotive Casualty Insurance Co.,* 631 So.2d 581 (La.App.), *amended,* 637 So.2d 452 (La. 1994) (failure to comply with policy provision requiring notice to police does not bar coverage when policy does not expressly state that failure to comply will bar coverage).

We agree with those courts which have enforced policy provisions requiring that notice be given to police within 24 hours of a hit-and-run accident. Prompt notice allows police or other authorities to inspect the accident scene and the vehicle and to question witnesses while memories are fresh. Information gathered in the police investigation could then be recorded in an accident report, which later would be accessible to the insurer. This information could be used by the insurer to verify the insured's description of the accident and to determine promptly whether coverage is available.

However, if police are not timely notified, the accident scene may be altered and evidence may be lost. Witnesses may be difficult to identify, and, even if identified, may have difficulty recalling details of an accident which occurred weeks or months earlier.

Without a police report, the insurer may have no means of independently verifying the circumstances surrounding the accident. And, under such circumstances, an insurer would be unable to separate meritorious claims from invalid or fraudulent ones. *See Nationwide Mutual Insurance Co. v. Clark*, 213 Va. 666, 670–71, 194 S.E.2d 699, 702 (1973) ("The importance of reporting an accident involving bodily injury and property damages, caused by the owner of a vehicle who is unknown, is obvious. Delay in reporting the accident—and in alerting those entitled to know the details thereof, the injuries involved and damages done—could cause delay in the investigation. This could result in a failure to discover the identity of the unknown motorist and the imposition of liability where it does not primarily belong.")

Defendants have asserted no excuse for their failure to report the accident to the police timely. Therefore, we conclude that insurers' policy provisions requiring that insureds report a hit-and-run accident to the police within 24 hours are enforceable as a condition precedent to coverage.

## II.

■ Defendants also argue the trial court erred in concluding that insurers were not required to show that they had been prejudiced by defendants' failure to notify the police. Again, we disagree.

In construing policy provisions requiring that notice be given to an insurer within a particular time, our supreme court has concluded that insurers are not required to demonstrate that they have been prejudiced by an insured's failure to comply with the notice provision. *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981); *see also Haller v. Hawkeye–Security Insurance Co.* 936 P.2d 601 (Colo.App.1997).

In *Marez*, the supreme court rejected an argument similar to defendants' and concluded that:

> In our view, the facts of this case do not justify ... the pronouncement of a new rule based on the concept of prejudice. To adopt a new rule in this case—where the insureds have totally failed to comply with

the contract conditions—would negate the purpose of the contract conditions and render them meaningless and would in effect rewrite the insurance policy contrary to the intent of the parties as expressed by the clear, unambiguous language of the contract. It is universally acknowledged ... that the notice of accident and claim provisions provide substantial benefits and protections to both the insurance company and the insured.

. . .

> In view of the salutary purposes of the provisions for notice of accident and claim, they should not be lightly ignored or set aside without substantial justification, which we find lacking in the present case. Moreover, were we to attempt to adopt a new rule of law embodying various aspects of the concept of prejudice, we would be formulating an abstract rule in a factual vacuum. Absent a factual context which compels, in the interest of justice, a departure from our present long established rule and the adoption of a new rule based on different considerations, it is jurisprudentially sound to leave the matter to another day, or to the wisdom of the general assembly. . . .

*Marez v. Dairyland Insurance Co., supra*, 638 P.2d at 291.

These same principles apply with equal force here. As the trial court noted, this is not merely a case of late reporting. Defendants did not comply with the provisions requiring notice to the police. Moreover, to require a showing of prejudice before an insurer could enforce a notice provision such as those here would add to the policy a condition not agreed upon by the parties. Thus, we agree with the trial court that insurers were not required to show that they had been prejudiced by defendants' failure to comply with the notice provisions. *See Marez v. Dairyland Insurance Co., supra; Hartford Accident & Indemnity Co. v. Creasy, supra; see generally 3 No Fault & Uninsured Motorist Automobile Insurance* § 29.00[4](fn.42) (Matthew Bender ed.1997).

**1374**

While defendants rely on decisions from other jurisdictions in which insurers were required to show prejudice in order to be excused from providing coverage, *see Alexander v. Allstate Insurance Co., supra; Powell v. Automotive Casualty Insurance Co., supra,* we conclude that these decisions do not reflect the law or policy of Colorado and are, therefore, inapposite. *See Marez v. Dairyland Insurance Co., supra.*

The judgment is affirmed.

RULAND and TAUBMAN, JJ., concur.