**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-11002
Summary Calendar

SHEILA FULLER,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CV-461-BE

April 9, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Sheila Fuller appeals the district court's order granting defendant-appellee

State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment.

For the following reasons, we affirm.

On May 5, 1995, Fuller allegedly was the victim of an hit-and-run accident on a Dallas, Texas

freeway. At that time, Fuller neither reported the accident to the Dallas police nor to her insurer,

State Farm. Three months later, in August 1995, Fuller filed a claim with State Farm for insurance

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

benefits under the uninsured/underinsured motorists provisions contained in her automobile insurance policy.[1] State Farm declined to pay Fuller's claim arguing that she had failed to satisfy certain conditions precedent to recovery: (1) promptly notifying State Farm of the alleged accident and its particulars and (2) promptly notifying the police that a hit-and-run driver was involved in the alleged accident. The district court found that a material issue of fact existed regarding Fuller's notifying State Farm of the alleged accident and, therefore, denied summary judgment regarding that condition. However, the district court ultimately granted summary judgment on the basis that no genuine issue of material fact existed regarding Fuller's notifying the police of the alleged hit-and-run accident.

We review the grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). The same summary judgment standard that applies to the district court applies to this Court. Texas Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d 152 (5th Cir. 1990). Summary judgment is warranted when the record, as a whole, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986); Thomas v. Harris County, 784 F.2d 648, 651 (5th Cir. 1986). The record is to be viewed in the light most favorable to the party opposing the motion for summary judgment. Daly v. Sprague, 675 F.2d 716 (5th Cir. 1982, cert. denied).

---

[1]The policy provides in pertinent part:

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury sustained by a *covered person*, or *property damage*, caused by an accident. (emphasis added).

2

This case is controlled by Texas law. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Tex. Ins. Code Ann. § 21.42 (West 1981). Under the laws of Texas, the provision of the insurance policy requiring Fuller promptly to give notice to the police after any accident with a hit-and-run driver is a condition precedent to recovery.[2] See State Farm County Mut. Ins. Co. of Tex. v. Landers, 520 S.W.2d. 604, 606 (Tex. Civ. App. 1975, no writ). Fuller does not dispute the assertion that she never reported the alleged accident to the police. Thus, she did not meet the condition precendent to recovery under the policy's uninsured/underinsured motorists provision. We, therefore, find that the district court's determination that no genuine issue of material fact exists is correct. The district court's grant of summary judgement is AFFIRMED.

---

[2]The policy states that "[a] person seeking Uninsured/Underinsured Motorists Coverage must . . . [p]romptly notify the police if a hit-and-run driver is involved."