**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**James CLEMENTI and Mary Ann Clementi, Defendants– Appellants.**

**No. 98CA0230.**

Colorado Court of Appeals, Div. I.

April 1, 1999.

Rehearing Denied June 10, 1999.

Certiorari Granted Dec. 6, 1999.

Patterson & Nuss, P.C., Franklin D. Patterson, Englewood, Colorado, for Plaintiff-Appellee.

Gradisar, Trechter, Ripperger, Croshal, Nicholas A. Gradisar, Pueblo, Colorado, for Defendants–Appellants.

Opinion by Judge METZGER.

In this declaratory judgment action, defendants, James and Mary Ann Clementi, appeal the summary judgment entered in favor of plaintiff, Nationwide Mutual Fire Insurance Company (Nationwide). We affirm.

In March 1994, James Clementi was injured in an automobile accident while in the course and scope of his employment as a trooper with the Colorado State Patrol. The driver of the other vehicle had liability insurance of $50,000 per accident. The Clementis learned of the other driver's limits in August 1994.

James Clementi entered into a final settlement with his workers' compensation carrier in March 1995 and received a permanent disability rating of 17%. He was awarded $7,289.97 in PIP-equivalent benefits and $38,-210.90 in non-PIP-equivalent workers' compensation benefits.

The Clementis had an insurance policy with Nationwide providing uninsured/underinsured (UM/UIM) benefits of $100,000 per accident. The Clementis did not notify Nationwide of a UIM claim until August 1995. Contending that this notice was untimely, Nationwide sent the Clementis' counsel a reservation of rights letter. The Clementis settled with the other driver, with Nationwide's consent, in April 1996 for policy limits of $50,000.

Nationwide then brought this declaratory judgment action seeking a determination that the Clementis had forfeited their UIM coverage by failing to provide timely notice of claim as required by the policy. The trial court held as a matter of law that the notice to Nationwide was not timely and that Nationwide was not required to demonstrate prejudice before it could forfeit the UIM benefits. Accordingly, the court entered summary judgment in favor of Nationwide.

I.

The Clementis first contend the trial court erred in finding that, even though the notice provision in Nationwide's policy did not specify a triggering date, it was unambiguous and in concluding that the notice provision does not violate public policy. We disagree.

A.

■■■ Terms in an insurance contract should be construed as a person of ordinary intelligence would understand them. *Simon v. Shelter General Insurance Co.*, 842 P.2d 236 (Colo.1992). Courts may neither rewrite an unambiguous policy nor force a strained construction in order to resolve it against the insurer. All of the provisions in the policy must be read as a whole, with the language construed in harmony with the plain and generally accepted meaning of the words employed. *Mid–Century Insurance Co. v. Liljestrand*, 620 P.2d 1064 (Colo.1980). In the absence of any ambiguity, an insurance policy must be given effect according to the plain and ordinary meaning of its terms. *Farmers Insurance Exchange v. Dotson*, 913 P.2d 27 (Colo.1996).

■■ The "Insured Person's Duties" section of the UIM section of the Nationwide policy states "the insured must submit written proof of the claim to us as soon as practicable."

In general, this language has been held to call for notice within a reasonable length of time under all the facts and circumstances of each particular case. *Certified Indemnity Co. v. Thun*, 165 Colo. 354, 439 P.2d 28 (1968). Such a fact-intensive requirement does not render the phrase itself ambiguous. This phrase uses no arcane terms of art, does not employ a complex or convoluted sentence structure, nor does it use terms that are susceptible to more than one meaning. *See Cheyenne Mountain School District No. 12 v. Thompson*, 861 P.2d 711 (Colo.1993); *Prudential Property & Casualty Insurance Co. v. LaRose*, 919 P.2d 915 (Colo.App.1996). And, in light of the necessarily fact-based nature of UIM claims, the absence of specifi-

cation of a triggering event does not render the provision ambiguous.

Thus, we agree with the trial court that no ambiguity exists.

### B.

■ We also conclude that this provision does not violate public policy.

■ A policy term is not void as against public policy simply because it narrows the circumstances under which coverage applies. *Farmers Insurance Exchange v. Chacon,* 939 P.2d 517 (Colo.App.1997). However, an unambiguous clause may be void and unenforceable if it violates public policy by attempting to dilute, condition, or limit statutorily mandated coverage. *Farmers Insurance Exchange v. Dotson, supra.*

■ Policy provisions which require that, as a condition precedent to coverage, an insured must provide timely notification to the insurer of an accident, are generally enforceable. *Shelter Mutual Insurance Co. v. Selley,* 942 P.2d 1370 (Colo.App.1997). However, because of its unique nature, the duty to give notice for UIM claims does not arise until the insured, with reasonable diligence, can ascertain that the alleged tortfeasor is underinsured.

Since the notice provision here does not require notice until the insured can reasonably ascertain that the tortfeasor is underinsured, it does not improperly dilute, condition, or limit coverage. Thus, we perceive no public policy violation.

### II.

The Clementis argue a disputed issue of material fact remains whether they provided notice of the claim "as soon as practicable." Thus, they contend, the trial court erred in entering summary judgment in favor of Nationwide. We disagree.

Summary judgment is a drastic remedy and should be granted only upon a clear showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Dominguez Reservoir Corp. v. Feil,* 854 P.2d 791 (Colo.1993). We review summary judg-

ments *de novo.* *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

■ Whether an insured has given timely notice as required by an insurance policy must be measured by all the circumstances of the case; the issue of the reasonableness of the notice is ordinarily one of fact to be determined by the trier of fact. Only when the facts are undisputed and only one inference can be drawn therefrom is it a question of law for the court. *Certified Indemnity Co. v. Thun, supra.*

Here, the trial court determined:

[T]he [insured] could have reasonably ascertained that the tortfeasor was underinsured as early as August of 1994 (when [the insured] became aware of the tortfeasor's $50,000 policy limits through [his insurance company] ), but at the very latest, by March 23, 1995 (when [the insured] learned that he had a 17% permanent disability *and* that his actual damages to date were already approaching the limit of the tortfeasor's policy). Still, the [insured] provided no notice to [Nationwide] of [his] potential underinsured motorist claim until August 30, 1995, or more than five months after the latest date upon which the [insured] could have ascertained with reasonable diligence that the tortfeasor was probably underinsured. In the [insured's] briefs, no explanation was proffered to explain any justifiable reason for such a delay.

■ We agree with the trial court that, under these facts, the five-month delay is unreasonable as a matter of law.

We note that an insured can demonstrate an excuse for late notice. *See ITT Specialty Risk Services v. Avis Rent A Car Systems, Inc.,* 985 P.2d 43 (Colo.App.1998); *State Farm Fire & Casualty Co. v. Nikitow,* 924 P.2d 1084 (Colo.App.1995); *Graton v. United Security Insurance Co.,* 740 P.2d 533 (Colo. App.1987); *Colard v. American Family Mutual Insurance Co.,* 709 P.2d 11 (Colo.App. 1985); *Certified Indemnity Co. v. Thun, supra.* The trial court here recognized that

fact but found that the Clementis had not provided such an excuse.

The Clementis' attorney stated, in an affidavit concerning the late notice issue, that it is his practice "to present only bona fide claims." No other explanation for the delayed notice is given, and we conclude, as the trial court evidently did, that the reason given does not contain sufficient detail to constitute a valid excuse.

Thus, the entry of summary judgment was correct.

### III.

Finally, we reject the Clementis' argument that, even if their notice was untimely, Nationwide should be required to show that the untimeliness caused it prejudice.

A number of other jurisdictions have adopted a rule requiring an insurance company to show prejudice when an insured fails to give timely notice of an underinsured motorist claim in violation of a policy condition. *See generally* 2A A. Widiss, *Uninsured & Underinsured Motorist Insurance,* § 16:02 (2d ed.1988); and J. Appleman, *Insurance Law & Practice* § 5083.35 (1979). Colorado, however, has consistently rejected such a requirement in cases involving other types of automobile insurance, holding that such matters are best left to the General Assembly. *See Marez v. Dairyland Insurance Co.,* 638 P.2d 286 (Colo.1981) (liability); *Shelter Mutual Insurance Co. v. Selley,* 942 P.2d 1370 (Colo.App.1997) (uninsured motorist).

Accordingly, we must adhere to that practice in this case. Since our statutes contain no prejudice requirement, we may not adopt one.

The judgment is affirmed.

Judge TAUBMAN and Judge CASEBOLT concur.